(Decided 9th March, 1869.)

WILLIAM WALSH, Trustee in Insolvency of DANIEL WINEOW *vs.* HENRY BOYLE, and others.

JOHN WINEOW *vs.* ABNER RAVENSCRAFT, Assignee, and others.

*Principal and Surety — Trustee in Insolvency — Sufficiency of Notice to take Testimony — Vendor's Lien, how destroyed — Practice in the Court of Appeals — Scire Facias to revive a Judgment — Terre-Tenants.*

A judgment was confessed in 1851, by three parties in favor of a fourth, for $1,500; some years afterwards, H, one of the judgment debtors died; afterwards, D, another of said debtors took the benefit of the insolvent laws, and the judgment was filed in the insolvent estate, and paid by the trustee in insolvency; the third judgment debtor also applied for the benefit of the insolvent laws; the evidence sufficiently established the relation of principal and surety between H and the other judgment debtors; the real estate of H was sold under a decree passed by consent, for the payment of his debts, and for distribution among his heirs at law. HELD:

1st. That the trustee in insolvency of D, was entitled to receive two-thirds of the amount of the judgment paid by him, out of the proceeds of the sale of the real estate of H.

2nd. And that the judgment having been filed in the insolvent estate of D, and allowed in the audit, and no exception taken to it by the creditors or parties interested in the fund, it was the duty of the trustee to pay it, without waiting to ascertain the insolvency of the other judgment debtors.

Where in a proceeding in equity, each party was allowed by order of Court to take testimony upon giving one day's notice, and the notice was given on the 28th of December, and the evidence taken on the following day, the notice was sufficient.

An assignment without recourse, by a vendor of real estate, of the unpaid balance of the purchase money, precludes the assignee from claiming a vendor's lien.

On an appeal from the order ratifying the final audit in a proceeding in equity, all the previous orders and decrees passed in the cause, are open for revision in the appellate Court.

Upon a *scire facias* to revive a judgment, all of the *terre-tenants* should be made parties to the writ, and if this be not done, any one of the *terre-tenants* who is made a party may plead the failure to do so, in abatement; but if he make no defence, he thereby acknowledges the debt to be due, and the land held by him liable for the payment of the judgment.

Whilst, however, the judgment must be revived against all of the *terre-tenants*, the debtor cannot compel the levy and execution of the writ upon all the lands. If the land of only one *terre-tenant* be sold, he would have the right to go into equity and compel all with whom he stood in *equali jure*, to contribute.

APPEALS from the Circuit Court for Allegany County, in Equity.

A creditors' bill was filed by George Blocher, for himself and other creditors of Henry Wineow, on the 28th of April, 1855, against John Wineow and others, the administrators of Henry Wineow, deceased, and his heirs-at-law. And on the 25th day of September, 1856, a bill was filed by Henry D. Wineow and others, as heirs-at-law of Henry Wineow, against Henry Boyle and others, as heirs-at-law, praying for a sale of the real estate of Henry Wineow, for distribution among his heirs-at-law. On the 5th day of April, 1858, a decree was

passed in the second case, by agreement of counsel, for the sale of all the real estate of which Henry Wineow died seized, for the payment of his debts, and the balance to be distributed among his heirs-at-law and their assignees.

The real estate was sold by the trustees, and the same ratified and confirmed. Several audits were made. On the 5th of December, 1864, the fifth audit, made in pursuance of an order of the Court, (WEISEL, J.,) was filed. This audit allowed to the appellant, Walsh, as trustee in insolvency for the creditors of Daniel Wineow, $732.60, on account of money paid by him on a judgment in favor of Levi Hilleary, against Henry Wineow, Daniel Blocher and Daniel Wineow, being one-third of the amount of the judgment with interest thereon and costs; this judgment was rendered on the 21st of April, 1851, for $1,500. Henry Wineow died in February, 1855; Daniel Wineow applied for the benefit of the insolvent laws on the 8th of December, 1860, and the appellant, Walsh, was appointed his trustee, and as such subsequently paid the whole of said judgment, which was filed in the insolvent estate; on the 16th of January, 1861, Daniel Blocher applied for the benefit of the insolvent laws, and Thomas Devecmon was appointed his trustee. To this fifth audit Walsh, on the 28th of December, 1864, excepted, because he was allowed only one-third of the sum paid by him on said judgment, instead of two-thirds; at the same time he petitioned the Court for leave to take testimony before the auditor. Upon this application the Court passed an order authorizing him to take testimony, "notice being first given to the other parties in interest, or to their counsel in the case, one day before the taking thereof." Under this order, on the 29th of December, 1864, the testimony of Daniel Blocher was taken. He testified that the judgment in favor of Hilleary was for $1,500, and against Daniel Wineow, Henry Wineow and himself — that he received $500, Daniel Wineow $500, and $500 was retained by Henry Wineow; that the money received by him and Daniel Wineow was received from Henry Wineow,

Walsh, Trustee, *vs.* Boyle, *et al.*

he having obtained the whole amount of the judgment from Hilleary; that at the time Henry Wineow gave the judgment to Hilleary, neither Daniel Wineow nor himself knew what Henry wanted with the money, and went into the judgment as security for him; that Daniel and he received the $500 each, about two weeks after the date of the judgment. After this testimony was taken and filed, Walsh, on the 30th of January, 1865, repeated his exception to the audit, for that he was only allowed one-third, instead of two-thirds or one-half. John Wineow and others excepted to the testimony of Blocher; he also excepted to sundry claims which were allowed in the said fifth audit, the character of which and the exceptions thereto will be found sufficiently referred to in the opinion of this Court. The Court below, (SMITH, J.,) on the 13th of February, 1865, ratified and confirmed the said fifth audit. On the 24th of February Walsh, as trustee, appealed from this order of ratification; and on the 27th of the same month John Wineow appealed.

The causes were argued before BARTOL, C. J., BRENT, MILLER, GRASON and ROBINSON, J.

*William Walsh* and *J. H. Gordon,* for the appellant Walsh.

*George A. Pearre,* for the appellant Wineow.

*J. H. Gordon,* for the appellee Ravenscraft and others.

ROBINSON, J., delivered the opinion of the Court.

The real estate of Henry Wineow, deceased, was sold under a decree passed by consent, on the 5th day of April, 1858, for payment of debts and distribution among the heirs-at-law. These appeals, which have been heard together, arise upon exceptions filed by Walsh, trustee of Daniel Wineow, an insolvent petitioner, and by John Wineow, one of the heirs-at-law, to certain claims allowed in the auditor's report.

The first exception by Walsh, is to the allowance of but one-third of the amount paid by him as trustee, on account of the Hilleary judgment. This judgment was confessed at the April Term, 1851, by Henry Wineow, Daniel Blocher and Daniel Wineow, in favor of Levi Hilleary, for the sum of fifteen hundred dollars. Henry Wineow died in 1855, and afterwards, Walsh was appointed trustee of Daniel Wineow, an insolvent petitioner. This judgment was filed in the insolvent estate, and being paid by the trustee, he claims an allowance for the same out of the estate of Henry Wineow, upon the ground that Daniel Wineow was the surety of Henry. The first question, therefore, to determine is the relation of the several obligors to each other. The receipt by each of one-third of the fifteen hundred dollars, and their agreement to pay the interest on the same to Hilleary, looks very much as if this were a joint transaction, but these facts cannot outweigh the positive and uncontradicted evidence of Daniel Wineow and Blocher. The former testifies that the money was borrowed of Hilleary by Henry Wineow, the father, without the knowledge of the witness, and that the bond was signed by him as surety for his father. He admits that his father loaned him five hundred dollars, but says that he was responsible *alone* to *him* for its payment. This testimony is corroborated by Blocher, and being the only proof in the record touching the question, it must be considered as sufficient to establish the relation of principal and surety between Henry and Daniel Wineow.

The objection to Blocher's evidence, because it was not taken upon proper notice cannot be sustained. By the order of the Court, each party was allowed to take testimony upon giving *one day's notice.* In this case the notice was served on the 28th, and the evidence taken on the 29th of December, 1864. Now it is true, that when a statute or rule of Court requires notice to be given of a certain *number of clear days,* both the day on which the notice is served and the day of the proceeding, must be excluded. *King vs. Justices of*

*Herefordshire*, 3 *Barn. & Ald.*, 581, (5 *Eng. Com. Law Rep.*, 385.)

It has also been held that a statute requiring fourteen days *at least*, means fourteen clear days, and the same rule must be adopted. *The Queen vs. The Justices of Shropshire*, 8 *Adol. & Ellis*, 173, (35 *Eng. Com. Law Rep.*, 367,) and the case of *Oliver vs. Towns*, 1 *Texas*, relied on by the appellees.

But we take the law to be well settled, however, in matters of practice, where any particular number of days not expressed to be *clear days*, is prescribed, the rule in regard to the computation of time, is not to *exclude both the day on which the notice* is served, *and the day on which the act is to be performed*, but to *exclude* the *one* and *include* the other. 30 *Eng. Com. Law Rep.*, 380 ; *Hoffman vs. Diel*, 5 *Johns.*, 232 ; *The King vs. The Justices of Cumberland*, 4 *Nev. & Man.*, 378, *and* 1 *Robinson's Prac.*, 431. A party by this rule may not in fact receive one whole day's notice, that is, *twenty-four hours*, but it must be borne in mind that in legal contemplation, there are no fractions of a day, except in certain cases of priorities, where the fiction is made to give place to exact truth.

It was also insisted that Walsh, as trustee, had no right to pay the judgment until it was ascertained that the other parties were insolvent. To this we do not assent. He was a trustee in *insolvency*, and it was the duty of parties having liens to file the same. If the claim were filed and allowed in the audit, and no exception taken by the creditors or parties interested in the fund, it was the duty of the trustee to pay it. The creditors, say the Court in *Salmon, Trustee of Brown vs. Pierson*, 8 *Md.*, 298, may litigate *inter sese*, but the law does not impose this duty upon the trustee. Being satisfied by the testimony of Devecmon, that the judgment was paid by Walsh, as trustee of Daniel Wincow, the surety, the auditor ought to have allowed the trustee two-thirds of the amount due on the Hilleary judgment. The exception by Walsh to the allowance of only one-third was well taken, and the Court erred in overruling the same.

The allowance of John Wineow's claim for over payment as administrator of Henry Wineow, is not open for review in this appeal. It is true, exceptions were filed by Walsh, as trustee, to this and sundry other claims allowed in the first audit, but the case was remanded to the auditor by consent, and with directions to take proof and state a second account. In both the second and third audits, this claim was allowed, but the exceptions to it were not renewed. Accordingly, in deciding the exceptions to the third audit, and the only audit which had been presented to the Court for its action, Judge WEISEL did not pass upon this claim. Another audit was made in conformity with the opinion of the Court, in which Walsh, as trustee, was allowed but one-third of the Hilleary judgment. To this allowance Walsh excepts, but makes no objection to Wineow's claim, and it is from the order of the Court overruling this exception that his appeal was taken. Now, whilst it is true that an appeal from a final order or decree, brings up for review in the appellate Court all previous orders which may have been passed in the cause affecting or determining the rights of the parties, yet in regard to this claim, there was no order of the Court passed. The exception taken to its allowance in the first audit, must, under the circumstances of this case, be considered as waived or abandoned, and such must have been the opinion of the Court below.

We come now to the exceptions taken by John Wineow, and the first is to the claim of William A. Withers, assignee of Daniel Blocher, assignee of Hiram B. Wolfe, for $527.$\frac{5}{100}$, with interest from April 16th, 1862. This claim purports to be a balance due by Henry Wineow, to Wolfe, for the purchase of real estate, and assigned by Wolfe, to Blocher. The account is dated on the 16th day of April, 1862, and was not filed until September, 1865, and was, consequently, barred by limitations. But it is claimed to be a vendor's lien, and without the operation of the statute. It is a sufficient answer to say, that in making the assignment of the account, Wolfe

does not transfer the vendor's lien. On the contrary, the claim is assigned without recourse, which in itself extinguished the lien. This account being barred by limitations, and the exceptant having relied upon this plea, the claim ought not to have been allowed.

The second exception, is to the claim of Abner Ravenscraft, assignee of Daniel Blocher, for $530, and dated October, 1854. It does not appear to have been filed until 1862. Mr. Gordon says he made out the account and prepared a petition at the time he prepared the petition of Blocher, which was on the 19th of September, 1855, but he does not say the account was filed. On the contrary, it appears to have been left with Mr. Hebb, a commissioner, who says that the testimony of Elizabeth Blocher was taken by him in 1857 or '58, for the purpose of proving an account of *Daniel Blocher vs. Henry Wineow*—that witness handed him a book showing a balance due by Wineow, but that by some means the evidence was lost. Now, at whatever time this account may have been made out, it does not appear from the record to have been filed until 1862, at which time it was barred by the statute of limitations. It ought not therefore to have been allowed.

The third exception, is to the judgment of Kemp, Buckey & Co. It is insisted that the objections to this claim cannot be considered in this Court, inasmuch as no appeal was taken from the order of the Court below, by which it was allowed. In this view, we do not concur. Exceptions were filed to this judgment, and were considered and passed upon by the Court. The appeal therefore of Wineow, from the order ratifying the final audit, brings up for review all previous orders and decrees passed in the cause. *Dugan, et al. vs. Gittings, et al.* 3 *Gill*, 138. We do not agree, however, with the exceptant, that if the judgment were revived against Henry Wineow, as *terre-tenant*, it ought not to be allowed unless upon proof of the insolvency of the principal, or that there are no other *terre-tenants* against whom it could be revived. It is true,

upon the principle of contribution, all the *terre-tenants* ought to be made parties to the *scire facias,* and if this is not done, any one of them may plead an abatement. But if he makes no defence, he thereby acknowledges the debt to be due, and the land held by him liable·for the payment of the judgment. Whilst, however, the judgment must be revived against all, the debtor cannot compel the levy and execution of the writ upon all the lands. To do so, say the Court, in *Doub vs. Barnes,* 4 *Gill,* 1, would ·be "unnecessary and oppressive." If the land of but one *terre-tenant* is sold, he would have the right to go into equity and compel all with whom he stood "*in equali jure*" to contribute. It does not appear, however, when the *scire facias* was issued. The judgment was rendered at the October Term, 1848, and it ought to appear at what time it was revived, in order to exempt it from the plea of limitations relied on by the exceptant. The records of the Court ought to settle this question conclusively, one way or the other. If Wineow, as *terre-tenant* of Wolfe, is responsible for this judgment, the amount paid on account of it, would certainly have been a set-off to the claim by Wolfe's assignee for unpaid purchase money. The latter claim, however, being disallowed, this question is not material.

For the reasons herein stated the order of the Court passed on the 13th Feb., 1865, ratifying the fifth report of the auditor must be reversed, and all previous orders inconsistent with the views herein expressed, and the cause remanded, with directions to the auditor to state an account in conformity with the opinion of the Court. Leave will be given to take additional proof in regard to the judgment of Kemp, Buckey & Co.

*Orders reversed·and cause remanded.*

(Decided 10th March, 1869.)