Dougherty v. Porter.

---

CHARLES DOUGHERTY v. WM. PORTER.

1. ACTIONS, WHEN TRIABLE; *Issues Made up.* Under the statute of 1871,
(ch. 116, § 5,) actions are triable at a term whenever the issues were
actually made up ten days before the term, and it is immaterial whether
they were so made up by the filing of the pleadings before or after the
time fixed therefor by the statute.

2. —————— Where issues were joined in an action by the filing of a reply,
and such reply was filed on the 27th of August, the action was triable
at the term which commenced on September 6th, following.

3. COMPUTATION OF TIME; *Rule; Statute Construed.* In computing the
time in such a case, the rule is to exclude the first day of the term and
include the day of joining the issues by the filing of the last pleading.

4. —————— *Quære:* Whether the use of the words, "ten *clear* days," or
"*at least* ten days," might not have enlarged the time, suggested in con-
nection with the provision of the statute concerning the time for filing
depositions.

*Error from Leavenworth District Court.*

THE only question here is one of practice. *Porter* and two others, as plaintiffs, commenced an action against *Dougherty* and another, as defendants. Their petition was filed 27th July 1875. The answer-day fixed in the summons, was 26th August, and on that day the defendants filed their answer. The reply of plaintiffs was filed the next day, 27th August. Court convened on the 6th of September, and at that term the case was called for trial, and was tried. Defendants objected, claiming that as the plaintiffs were allowed ten days from the day on which the answer was filed, in which to file their reply, the issues were to be deemed to be made up, not on the day the reply was actually filed, but as of the last day on which it might have been filed—and that therefore the action was not triable at said September Term. The objection was overruled—the action tried—and plaintiffs had judgment. The defendants appeal, and bring the case here on error.

*E. Stillings*, for plaintiffs in error.

*Clough & Wheat*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The only question presented is, whether the action was triable at the term at which it was tried; and that depends upon whether the issues were made up ten days before the term. The statute of 1871 was in force, a statute we have recently had occasion to examine in the case of *Gapen v. Stephenson*, just decided; (*ante*, p. 140.)

**1. Actions triable; issues made up.** In that case we held that the statute referred to the time the issues were *actually* made up, and not to the time they *ought to have been* made up. And it makes no difference whether they were so made up by the filing of the pleading before, or after, the times fixed by statute. If the issues were actually made up in this case, ten days before the term, the action was triable; otherwise

not. The term commenced September 6th. The reply was filed August 27th. Including the first day of the term, and the day upon which the reply was filed, there were eleven days; excluding both, nine days; while including one, and excluding the other, would give the requisite ten days. The language of the statute is, "are made up ten days *before* the term." In other words, if ten days before the term the issues are made up, the action is triable. And it seems to us, that in computing these ten days, the first day of the term should be excluded, and the day in which the issues were made up by the filing of the reply, included. This appears to be in accordance with the authorities. In the case of the soldier's voting bill, 45 New Hamp. 618, it was held, "that in the computation of time from a *date*, or from the *day of a date*, the day of the date is to be excluded; but that where a computation is to be made from an *act done*, or from the *time of an act*, the day in which the act is done, is to be included." To like effect are the cases of *Jacobs v. Graham*, 1 Blackf. 391, and *Chiles v. Smith's Heirs*, 13 B. Monroe, 461. In the latter case the court says:

3. Rules for computing time.

" It was decided by this court in the case of *Woods v. Patrick*, Har. 457, that in calculating the thirty days, which were required by the statute to intervene between the lodging of the order and the commencement of the next term, to entitle the party to a change of venue, the day of depositing the order should be included. So where process is required to be served a certain number of days before the term, the day on which the process was executed is reckoned as one of the days in the computation of the time."

Applying this rule, and the day of filing the reply and joining the issue, the day of an act done will be included. In *Walsh, Trustee, v. Boyle*, 30 Maryland, 266, a distinction was noticed. In that case, by order of the court, testimony was to be taken upon giving one day's notice. Notice was given on the 28th, and the testimony taken on the 29th, and the notice was held sufficient. The court says, " Now it is true that when a statute or rule of court requires notice to

be given of a certain *number of clear days*, both the day on which the notice is served and the day of the proceeding, must be excluded. *King v. Justices, &c.*, 3 Barn. & Ald. 581. It has also been held that a statute requiring fourteen days *at least*, means fourteen clear days, and the same rule must be adopted. *The Queen v. The Justices of Shropshire*, 8 Adol. & Ellis, 173; *O'Connor v. Towns*, 1 Texas, 107." But we take the law to be well settled, however, in matters of practice, where any particular number of days not expressed to be *clear days* is prescribed, the rule in regard to the computation of time, is, not to exclude both the day on which the notice is served, and the day on which the act is to be performed, but to exclude the one and include the other. This distinction may be important in determining when depositions must be filed, for the statute reads that they "must be filed *at least* one day before the day of trial." Gen. Stat. p. 698, § 361. In *Vairin v. Edmonson*, 5 Gilman, 270, where a section of the attachment-act required that sixty days should intervene between the first publication of notice, and the term of court, the court held that in computing the time the day of the first publication of notice was to be excluded, and the first day of the term included. Doubtless a correct result was thus reached, but it occurs to us that the ruling would have been more in harmony with the course of decision if the day excluded had been included, and the day included excluded. In *Black v. Johns*, 68 Penn. St. 83, it was held that "a service of the 28th of October, the return-day being the 7th of November, is ten days before the return-day, that day being left out of the count." The spirit, if not the letter of our statute sustains this computation. It provides that "the time within which an act is to be done shall be computed by excluding the first day, and including the last." Gen. Stat., p. 771, § 722. If the statute required ten days after a term of court, we should exclude the last day of the term and include the day of filing. We compute forward in that case, because the close of the term is the point from which the

*Sections 361 and 722, of code, construed.*

computation dates.  In the case at bar, for like reason, we compute backward.  The commencement of the term is the starting point, and we measure from that to determine *how long before*, the issue has been joined.  In *Dutton v. Hobson*, 7 Kas. 196, cited by counsel for plaintiff, we held that a summons could not regularly be served *on* the return-day, for the statute says *before* the return day."  That excluded the return-day; so, "before the term," excludes the first day of the term.  But computing from the term, as the starting point, and omitting the first day of the term and including the day of the act, the day of filing the reply and making up the issue, and we find that the issues were made up ten days before the term.

The judgment must be affirmed.

All the Justices concurring.