## JAMES GARVIN V. WALTER D. JENNERSON.

1. PRO TEM. JUDGE; *Qualifications; Signing and Settling Case-Made.* Where the proceedings of the court below are sought to be reviewed by a case-made, and the case-made recites that the trial and proceedings were had before a judge *pro tem.*, held, that the judge *pro tem.* is the proper person to sign and settle the case-made; and *held*, that to make such signature proper as a part of the authentication of the case-made, it is not necessary to set forth in the record the mode or reasons of the selection of the *pro tem.* judge, nor his qualification to the office.

2. DEPOSITION; *Must be Filed One Clear Day Before Trial.* A deposition to be read on the trial of a case in the district court must be filed *at least* one day before the day of trial; and the statute means thereby, that one *clear* day must intervene between the filing of the deposition and the commencement of the trial at which it is to be read. To properly compute the time within said statute, both the day on which the deposition is filed, and the day of the trial, are to be excluded.

3. CONTRACT; *Agreement to Sell; Possession; Purchaser; Tenant.* Where possession is taken by a defendant of certain premises, for which rent is sued for, under an agreement with the plaintiff to exchange lands free from all incumbrances, and where each gives the other possession of his real estate, and the possession is continued by the defendant solely on the representations and promises of the plaintiff to consummate the trade by executing a deed and clearing off a mortgage-lien on the property occupied by the defendant, and the bargain fails of consummation by the refusal of the plaintiff to free his lands from the mortgage-lien, and make the deed, and defendant is evicted under proceedings to foreclose the mortgage, the plaintiff cannot recover in an action for rent for such occupation of the premises by defendant, as he cannot, without the consent of the defendant, under such circumstances, convert him into a tenant, so as to charge him with rent.

### *Error from Saline District Court.*

ACTION by *Garvin*, to recover for the use and occupation of certain premises. *Jennerson*, defendant, admitted in his answer that he used and occupied the premises from the 7th of September 1868 until the 11th of June 1869, but alleged as a defense that he so occupied said premises in pursuance of an agreement of bargain and sale of the premises, which agreement *Garvin* had failed on his part to perform, whereby his (*Jennerson's*) supposed title had failed. Trial at Novem-

ber Term 1875, F. A. W., judge *pro tem.*, presiding. Judgment in favor of defendant, and plaintiff brings the case here.

*John Foster*, for plaintiff.

*Charles A. Hiller*, for defendant.

The opinion of the court was delivered by

HORTON, C. J.: The record is challenged by the defendant in error, on the ground that the case-made does not bear the signature of the district judge of the Fourteenth Judicial District, and because said case-made was not settled and signed in the presence of the parties. These objections are futile. The case-made recites that the trial and proceedings were had before Hon. F. A. Wildman, as judge *pro tem.* in the case; and such case-made is duly signed by such judge *pro tem.* No exceptions or objections appear in the record against said Wildman acting as judge *pro tem.*, and the regularity of his selection is not questioned; but it is insisted his qualifications should be contained in the record. This is unnecessary. The record is correctly signed in this respect. *M. K. & T. Rly Co. v. City of Fort Scott*, 15 Kas. 435; *Hunter's Adm'r v. Ferguson's Adm'r*, 13 Kas. 462.

As to the claimed irregularity in the settlement of the case-made, it is sufficient to say that it appears upon the face of the record that the same was duly served upon the attorney of the said defendant in error, and such attorney suggested his amendments to the case, and therefore the motion to dismiss must be overruled. *Weeks v. Medler*, 18 Kas. 425.

It is assigned as error, that the deposition of a material witness on the part of defendant in error was read upon the trial against the objection of plaintiff in error in violation of section 361 of the civil code, which provides, that "every deposition intended to be read in evidence on the trial must be filed *at least* one day before the day of trial." The trial of the case commenced at 9 o'clock A.M. of November 12th 1875; and the deposition was filed in the court at 11 o'clock

A. M. of the 11th of November. This assignment of error must be sustained, because the statute requiring *at least* one day before the day of trial, means *one clear day;* and both the day on which the deposition was filed and the day of the trial must be excluded. With this construction the deposition ought not to have been read. *Dougherty v. Porter,* 18 Kas. 206; *Walsh, Trustee, v. Boyle,* 30 Md. 266; *O'Connor v. Towns,* 1 Texas, 107.

Another alleged error was the charge of the court to the jury, that "if they believed from all the evidence in the case, that any witness had intentionally testified falsely in respect to any material fact, it was their duty to disregard the whole of his testimony." This was error. *Shellabarger v. Nafus,* 15 Kas. 554; *A. T. & S. F. Rld. Co. v. Retford,* 18 Kas. 245; *Higbee v. McMillan,* 18 Kas. 133.

In view of the necessity for a new trial, and the argument presented by the counsel of the plaintiff upon the instructions given by the court concerning the relation of the parties to the premises, and to each other, it will be beneficial perhaps to say, that where it is alleged and claimed upon the evidence on the part of a defendant, as in this case, that possession was taken of the premises for which rent was sued for, under an agreement with the plaintiff to exchange lands free from all incumbrances, and where each gave the other possession of his real estate, and the possession of the premises by the defendant was continued solely on the representations and promises of the plaintiff to consummate the trade by delivering a deed and clearing off a mortgage-lien on the lands in possession of the defendant under the contract between the parties, and such bargain fails of consummation by the refusal of the plaintiff to free his lands from the mortgage-lien, and make a deed, and defendant is evicted under proceedings to foreclose the said mortgage, and the contract of purchase is thereby abrogated through the fault of the plaintiff, the plaintiff cannot, without the consent of defendant, convert him into a tenant, so as to charge him with rent. Possession in such a case is taken with the understanding of parties that the occu-

pant shall be owner, and not tenant; and the party through whose fault such an occupant is evicted, cannot, without the consent of the opposing party, turn his own wrong into an advantage, and recover rent for the use and occupation of the premises. Taylor's Landlord and Tenant, p. 19, § 25.

The judgment of the district court will be reversed, and a new trial awarded.

All the Justices concurring.