EDWARD STILLINGS V. WILLIAM PORTER, EDWARD PENISTON, AND BENJAMIN BETTS.

1. UNDERTAKING, *to Stay Execution, When Not Void.* An undertaking filed in the district court to stay proceedings while the case is pending on petition in error in the supreme court, is not void because it is filed two days before the petition in error is filed.

2. ———— *Such Undertaking, When Valid.* Nor is said undertaking void because it does not in terms mention the supreme court, but merely provides that the parties executing it shall become liable thereon in case the judgment for which it is given to stay "shall be affirmed in whole or in part."

*Error from Leavenworth District Court.*

AT the September Term, 1877, of the district court, the defendants in error (plaintiffs below) had judgment against *Stillings,* who brings the case here for review.

*Edward Stillings,* plaintiff in error, for himself.
  *Clough & Wheat,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: A judgment having been rendered in the district court of Leavenworth county in the following entitled case, an undertaking was executed and filed therein, which reads as follows:

(*Court, and Title.*) "We, the undersigned, Thomas P. Fenlon and Charles W. Dougherty, as principals, and Edward Stillings as surety, do hereby undertake to the said above-mentioned William Porter, Edward G. Peniston, and Benjamin Betts, in the sum of one thousand dollars, that the said Charles W. Dougherty and Thomas P. Fenlon will pay the condemnation-money, and costs, in case the judgment heretofore rendered in the above-entitled action shall be affirmed in whole or in part.          THOMAS P. FENLON.
                              C. W. DOUGHERTY.
                              E. STILLINGS."

Stillings duly justified as surety according to section 723 of the code (Gen. Stat. 771), and the undertaking was duly approved.   Two days thereafter a petition in error was filed in the supreme court by Dougherty and Fenlon, to reverse said judgment, but the judgment was affirmed. (*Dougherty v. Porter,* 18 Kas. 206.)   Afterward the plaintiffs, Porter, Peniston and Betts, commenced this action in the district court of Leavenworth county against Stillings on said undertaking, and recovered a judgment thereon.   The defendant Stillings, now as plaintiff in error, brings the case to this court for review.

The defendant (plaintiff in error) claims that said undertaking is void—1st, because it was executed and filed in the court below two days before any petition in error was filed

in the supreme court; 2d, because the undertaking does not show upon its face by whom or by what court it was contemplated that said judgment might be affirmed. The defendant (plaintiff in error) also claims that the court below erred in excluding certain evidence.

We think said undertaking was valid. It is true, that before any proceedings in the district court can be stayed because of any proceedings in error begun or contemplated in the supreme court, both an undertaking and a petition in error must be filed; one alone is not sufficient. The undertaking may be filed first, or the petition in error first. But "before an undertaking shall operate to stay execution of the judgment or order, a petition in error must be filed in the appellate court." (Code, § 554; Gen. Stat. 738, 739.) This view of the law we think is in accordance with nearly the universal practice of the bar of the state, and it seems to be in harmony with the practice of the learned plaintiff in error. Said judgment could be affirmed only by the supreme court, and hence said undertaking was certain enough in this respect. There was no issue upon which said evidence could be introduced, and hence the court below did not err in excluding it.

The judgment of the court below will be affirmed.

All the Justices concurring.