### JOHN W. WARNER v. SAMUEL BUCHER.

COMPUTATION OF TIME; *Statutory Rule.* In an attachment case before a justice of the peace against a non-resident defendant, the continuance for service by publication must by statute be "for a period not less than thirty or more than fifty days." *Held*, That the statutory rule of computing time obtains, and that the day of continuance must be excluded, but the day of trial included.

#### *Error from Nemaha District Court.*

ACTION upon an account brought by *Bucher* against *Warner*, before a justice of the peace. Trial and judgment for the plaintiff, August 7, 1879. Thereafter the defendant filed his petition in error in the district court, wherein, at the October Term, 1879, the proceedings before the justice were affirmed. *Warner* brings the case here.

*W. G. Sargeant*, and *Geo. P. Uhl*, for plaintiff in error.

The opinion of the court was delivered by

BREWER, J.: This cause was begun before a justice of the peace by summons and attachment, both made returnable on the 8th day of July, 1879. The summons was returned, "Not found." The attachment was served upon the custodian of a horse belonging to plaintiff in error. Thereupon the justice continued the cause to August 7, 1879, and on that day, after due publication, the justice rendered judgment against the plaintiff in error, under which his horse was sold.

The only question presented by counsel is, whether the judgment was prematurely rendered. The statute applicable thereto reads: "The justice of the peace shall continue the cause for a period not less than thirty or more that fifty days." (Comp. Laws 1879, p. 708, § 35.) The contention of counsel is, that there must be thirty clear days—that is, thirty days excluding both the day of adjournment and the day of trial. The ordinary rule of computation as prescribed by statute is, to exclude the first and include the last. (Comp. Laws 1879, p. 700, § 722.) If this rule controls, the adjournment to August 7 was proper; for in July after the 8th are twenty-three days, and the first seven days in August, including in this the 7th, the day of trial, make up the thirty days. And we find the same form of expression frequently used in the statute. Thus, a summons issued to a county, other than that in which the action is commenced, is returnable in not less than ten nor more than sixty days from the date thereof. (Code, § 61.) In constructive service, the answer day is not less than forty-one days from that of the first publication. (Code, § 74.) A summons from a justice's court must be returnable not more than twelve days from its date. (Justices' act, § 12.) Now, are all these cases outside the statutory rule of computation? It will be remembered that there is no abstract right or wrong in any method of computation. It might be to exclude or include both terminal days, or to exclude one and include the other, and no absolute right trespassed upon. The important matter is certainty and

uniformity. And a statutory rule of computation should be universally enforced, except in cases where a different construction seems imperative. As to the time of filing depositions, such an exception seems to have been contemplated. (*Garvin v. Jennerson*, 20 Kas. 371.) But not in case of sales upon execution. (*Northrop v. Cooper*, 23 Kas. 432.)

There is no reason for any exception in the case at bar, and the language does not by its recognized and accepted meaning compel an exception. Hence none should be enforced. The statutory rule should control, and that sustains the judgment below. It must therefore be affirmed.

All the Justices concurring.