## P. D. BECKWITH v. DAVID DOUGLAS.

1. PUBLICATION NOTICE; *Computation of Time.* The statutory rule of computation obtains in respect to the time for publication of notice to non-resident defendants. The day of the first publication is to be excluded, and the answer day included.

2. —————— In publication notices in attachment cases, where only personal property is attached, no description of the property is required in the notice. (*Race v. Malony*, 21 Kas. 31.)

3. ACTUAL NOTICE, *Sufficiency of.* To constitute the "actual notice" spoken of in § 77 of the code, it is not essential that defendant be fully informed as to the time of commencing suit, the court in which it is commenced, the property that has been attached, the exact amount claimed, the very day named for answer, or other details of the action: it is sufficient if he is distinctly and clearly informed that a suit has been commenced and is pending against him, and so notified that he ought to act upon the notice and within such time, that by reasonable care and diligence he can be advised as to all details and make full defense.

### *Error from Saline District Court.*

ACTION for damages, brought against *Beckwith* by *Douglas*, who alleged in his petition, in substance, that—

On April 7, 1876, a certain agreement was made between himself and the defendant, whereby the plaintiff agreed to sell the "roller grain drill" for the defendant, who agreed to supply the plaintiff with as many as he could sell, and to pay him $20 for each and every such drill by him sold; that, in pursuance of this agreement, the plaintiff sold twenty-one

of the drills, and ordered the same of the defendant, who re-
fused to supply him therewith; that the defendant would not
permit the plaintiff further to sell the drills, and, without the
consent of the plaintiff, appointed other agents for the sale
thereof; that the defendant has not paid and refuses to pay
the plaintiff, or in any manner compensate him for the loss
and damage which he has sustained by reason of defendant's
refusal to comply with the agreement aforesaid — to the dam-
age of the plaintiff in the sum of $600.

December 8, 1876, judgment by default was given for the
plaintiff and against the defendant for $420 and costs. Fur-
ther facts and proceedings are stated in the opinion. The de-
fendant brings the case here.

*J. G. Mohler*, for plaintiff in error.

*Garver & Bond*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: David Douglas, the defendant in error, a
resident of Saline county, on August 21, 1876, commenced
his action in the district court of said county, against P. D.
Beckwith, the plaintiff in error, who then was and now is a
resident of the state of Michigan, by filing a petition and also
an affidavit for an order of attachment and for garnishment.
On the same day an order of attachment was issued, directed
to the sheriff of that county, which order was returned and
filed by the clerk of said court on August 23, 1876, with a
return by the sheriff that no property could be found, and
that a certified copy of the order had been delivered to P. L.
Gephart and M. M. Briggs, the persons named in the affi-
davit of Douglas as being indebted to Beckwith. On the
21st of August, 1876, a notice of garnishment was issued by
the clerk of that court, and was personally served on Gephart
and Briggs. An affidavit for service by publication having
been filed, on August 26, 1876, the first publication was
made, the last being September 9, 1876. On December 8,
1876, judgment by default was rendered against Beckwith in
favor of Douglas, for the sum of $420 and costs of suit. On

the same day Briggs and Gephart answered as garnishees, and the court found from their answers that they had certain notes of Beckwith's in their possession amounting to $700, and the sum of $16.60 in money; and they were ordered to pay the money and deliver the notes to the clerk of the court, which order they complied with and were discharged. On October 27, 1877, Beckwith by his attorneys caused to be served upon Douglas a notice of his motion to open the judgment and to be let in to defend. On December 3, 1877, upon hearing thereof, both parties appearing by attorneys, the court upon consideration sustained the motion, vacated and set aside the judgment in the action, let the defendant in to defend, and rendered judgment and awarded execution for costs against Beckwith. On December 5, 1877, Douglas filed his motion to vacate and set aside the order and judgment of December 3, 1877. On December 21, 1877, the court sustained his motion and vacated its order of December 3, 1877, and held Beckwith's motion for future action, to which order and judgment Beckwith duly excepted. On December 30, 1878, Beckwith's motion, in pursuance of the order of the court, again came on for hearing, when to support it Beckwith filed his affidavit and exhibits thereto attached, and Douglas, to maintain the issue on his part, filed his affidavits and exhibits thereto; whereupon the court overruled Beckwith's motion, refused to open the judgment and let him in to defend, to which order, ruling and judgment he duly excepted: whereupon, and within the time granted by the court, Beckwith made his "case-made" and filed the same, together with his petition in error, in this court.

The first question raised is as to the time of publication. The first publication was as stated, on August 26. Answer day was October 6. Answer day by statute must be "not less than forty-one days from the date of the first publication." (Code, § 74.) To make the forty-one days in this case, the answer day must be included, if the day of the first publication be excluded. But that is the statutory rule of computation, (Code, § 722,) and a rule already adjudged ap-

plicable to a computation based upon exactly the same language, "not less than — days." (*Warner v. Bucher*, 24 Kas. 478.) Further, the appearance of defendant on October 27, 1877, was a general appearance. There was no challenge of the sufficiency of the service. Impliedly conceding the regularity of the proceedings, he applied for the statutory right of a defendant served by publication only to have the judgment vacated, and be heard in defense of the suit. The motion in no manner challenges the service. (*Cohen v. Trowbridge*, 6 Kas. 385.) Such an appearance unquestionably brings a party into court. He was in this case, however, regularly served.

It is objected that the notice of publication is defective in the description of the property seized, and to be sold in satisfaction of the judgment. The notice names "roller grain drills," in the hands of Briggs & Gephart, etc. The journal entry of the judgment contains this recital:

"And now also, on this day, P. L. Gephart, one of the firm of Briggs & Gephart, came into court and answered as garnishee herein. Answering to the notice of garnishment served upon the said Briggs and Gephart on the 21st day of August, 1876, and upon the answer of said garnishee, it is found by the court that the said Briggs & Gephart, a firm composed of M. M. Griggs and P. L. Gephart, have in their possession certain notes taken in payment for roller grain drills sold by them, amounting to $700, as well as $16.60 in money belonging to and the property of the said P. D. Beckwith. It is further found by the court that the said notes and money are held in the hands of the said Briggs and Gephart, under and subject to the attachment proceedings herein, and the said notes and money are all the proceeds of certain roller grain drills which were in the hands of the garnishee at the time of service of the notice of garnishment herein."

Now it has already been held that a notice of publication need not describe the property, when as in this case only personal property is attached. (*Race v. Malony*, 21 Kas. 31.) Farther, the judgment shows that the notes and money which were ordered turned over to the clerk of the court were simply the proceeds of the sale by the garnishees, Briggs &

Gephart, of certain roller drills in their hands at the time of the service of process. Such action by garnishees does not oust the court of jurisdiction, and it may by its order and judgment appropriate the proceeds of property sold, as well as order the sale itself in the first instance.

Again, the court first entered an order vacating the judgment and giving the defendant an opportunity to defend; then a few days thereafter it set aside this order and continued the hearing of the motion to open up the judgment, and more than a year thereafter upon final hearing overruled and denied it. Counsel denounce this as "a shuttlecock way of doing business." Yet if upon all the facts and on final hearing it is apparent that the judgment ought not to be opened, whatever may be said as to the manner in which this result was reached, it cannot be adjudged that the court erred in denying the motion. And we think the motion was properly denied.

Sec. 77 of the code, concerning the opening-up of judgments rendered upon service by publication, provides as one condition that the party shall "make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in and make his defense;" and also provides for counter affidavits upon this question. This action was commenced August 21, and judgment rendered December 28, 1876 — more than three and one-half months thereafter. Defendant was a resident of Michigan, and Briggs & Gephart were his agents at Salina. Plaintiff claimed to have been authorized by defendant to act as his agent in the sale of certain roller drills, and that after he had made a number of sales, defendant refused to honor his orders or send the drills. Out of this grew the present action. Now what notice did Beckwith have? In July, Douglas wrote, threatening a suit. July 21, 1876, Beckwith wrote to Douglas, evidently in answer to the latter's letter, in which he refused to do anything, advised Douglas to get drills from B. & G. to meet the sales made, and added: "This will pay you something, and cost

less than to have a lawsuit with me.   However, please your-
self, and I will take all chances."   Next came to Beckwith
the letter of Briggs & Gephart, dated August 25, 1876, stat-
ing, "Mr. Douglas has garnished your notes in our hands."
To this he answered, by letter of August 29th, as follows:
"Please inform me about the particulars of Mr. Douglas's
garnishee, etc.   I have not received any notice of any com-
plaint being made in court."   Then, and we quote from his
own affidavit:

"Affiant further says, that he did not receive any reply to
this letter of inquiry until he received a letter, bearing date of
December 8, 1876, from Briggs & Gephart, wherein they
make a statement as follows, to wit: 'How is it that you
have allowed this garnishee suit against you to go on and
not defend yourself in it?   We notified you of the suit of
Douglas against you for the sum of four hundred dollars dam-
age, and you have not attended to it.   The suit is over with,
and the court has issued an order for all the notes and cash in
our possession, which we must obey.   We are satisfied that
you could have gained the suit, had you attended to it.'

"Affiant further says, that he was not acquainted with the
laws of Kansas, and did not know that it was necessary to
commence an action in order that proceedings might be had
in garnishment, and that when he received no reply to letters
of inquiry of the 29th day of August, 1876, he supposed the
proceedings mentioned by Briggs & Gephart, in their letter
of August 25, 1876, had been dropped."

Then, the judgment being entered December 8th, and this
letter of his agents, of date December 8, informing him of
the judgment, he waits until October 27 following before he
serves notice of his motion to open the judgment and for
leave to defend.

Now to constitute the "actual notice" specified in the stat-
ute, it is not necessary that the defendant be fully informed
as to time of commencing suit, the court in which it is com-
menced, the property that has been attached, the exact amount
claimed, the day named for answer, or other details of the
action.   It is enough that he is distinctly and clearly notified
that a suit has been commenced and is pending against him,
and notified from such a source and within such a time, that

by the exercise of ordinary and reasonable care and prudence he can ascertain all details and make his defense.  And where a good and meritorious defense is presented, courts will not scan too closely or technically any omission to pay prompt attention to uncertain and indefinite notices.  But here the plaintiff a month beforehand notifies him that suit will be commenced unless he complies with an alleged contract.  He replies, advising a certain course; says it will cost less than this threatened law suit, but at the same time tells the plaintiff to please himself and he will take all chances.  Whereupon suit is brought, and his property is attached.  His agents notify him that this party threatening suit has garnished his property in their hands.  This notice reaches him more than three months before judgment is rendered.  He replies instantly to his agents by letter, asking for information.  He receives no reply, presumes the matter at an end, and after three months receives a letter from his agents telling him that the suit has gone against him, and that they must turn the property in their hands over to satisfy the judgment.  Nine months after this he comes in and asks to be relieved, because he says he had no notice.  Surely it cannot be said that he did not have notice.  A party threatens suit; he tells him to go ahead ; suit is brought; his agents tell him it has been brought; he writes for particulars; they make no reply; he presumes it is abandoned, and takes no further action.  Because he did not know of the court in which the suit was brought, or any of the details of the action, can it it be said that he did not know of the suit ? He says he supposed the proceedings had been dropped. What proceedings ?  Why, of course, the garnishment proceedings of which he had received notice.  The failure of his agents to respond to his letter of inquiry, his belief founded thereon that what had been commenced had been abandoned, in no manner affect the question of actual notice from a responsible source.

The ruling of the district court was correct.  The defendant did have notice.  Evidently the explanation, which his

letters suggest, is correct, that in the pressure of larger and more profitable business he forgot these roller drills and the litigation growing out of his dealings with them. The judgment will be affirmed.

All the Justices concurring.