JENNIE SCHULTZ, *as Administratrix of the Estate of G. Schultz, deceased*, v. ETHEL C. HINE AND SETH E. THOMAS, *partners as The American Clock Company*.

1. JUSTICE OF THE PEACE—*Revivor of Dormant Judgment.* A justice of the peace can revive a dormant judgment rendered by him, either by an action brought for that purpose and commenced by summons, or in the more summary and informal method of a motion and notice, as prescribed in article 19 of the civil code.

2. ORDER OF REVIVOR—*Sufficient Notice.* Where summons is issued upon application for an order of revivor, which contains substantially all that is required to be stated in the statutory notice of a motion to revive, and the same is served a reasonable time before the hearing, it will be a sufficient notice upon which to base the order of revivor.

3. TIME—*Computation*—*Statutory Rule.* The code provides that a summons issued by a justice of the peace must, unless accompanied with an order of arrest, be served at least three days before the time of the appearance. *Held,* That the statutory rule of computing time obtains, and that the day of service must be excluded but the day of appearance included.

*Error from Marshall District Court.*

THE opinion states the facts. Judgment for the plaintiff *Clock Company*, at the August term, 1886. The defendant brings the case here.

*Brownell & Gregg*, for plaintiff in error.

*J. A. Broughten*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On December 30, 1874, the American Clock Company recovered a judgment before a justice of the peace of Marshall county, against G. Schultz, for $174.90, and costs taxed at $6.95. On January 2, 1875, an execution was issued on the judgment, upon which there was collected $11.50. An *alias* execution was issued on January 1, 1880, which was returned unsatisfied. No execution was issued upon the judgment within five years after the last date; but on December 10, 1885, the American Clock Company instituted a proceed-

ing to revive the judgment by filing what is termed a bill of particulars and motion before the justice of the peace who originally rendered the judgment. The summons was issued by the justice of the peace on December 10, 1885, returnable December 14, 1885, commanding Schultz to appear at his office on December 14, 1885, to answer the action of the American Clock Company, brought for the purpose of reviving the judgment, describing it, and personal service of the summons was made. On the return-day the justice of the peace made an order reviving the judgment. Schultz promptly instituted a proceeding in error in the district court, where the rulings of the justice in reviving the judgment were reviewed on a bill of exceptions, and affirmed, and a reversal of the judgment of affirmance is sought here.

The principal question presented and discussed by plaintiff in

1. Justice of the peace—revivor of dormant judgment.

error is, whether a justice of the peace can revive a judgment rendered by him which has become dormant. The question has been affirmatively answered in the recent case of *Israel v. Nichols*, 37 Kas. 68.

The next point made is, that proper proceedings for the revival of the judgment were not taken, because a summons was served instead of a statutory notice. We think the proceeding must be upheld, whether it be treated as

2. Order of revivor—sufficient notice.

having been taken under an action to revive, or upon the statutory motion and notice prescribed by article 19 of the code. The notice or bill of particulars which formed the basis of the application stated fully and particularly the rendition of the original judgment, the issuance of the executions and the steps taken thereunder, the amount which still remained due and unpaid upon the judgment, and concluded by asking that the judgment be revived. The summons that was issued contained all that is required in the statutory notice of a motion. It was in writing, stated the names of the parties to the proceeding, the name of the court wherein the proceeding was pending, and the time and place in which the application for a revival would be heard,

as well as the nature and terms of the order or judgment applied for.

We are referred to the case of *Gruble v. Wood,* 27 Kas. 535, as holding that a dormant judgment cannot be revived without the consent of the adverse party upon a notice given by the service of an ordinary summons. In that case it will be found that the summons fell far short of meeting the requirements of the statutory notice necessary to the revivor of a dormant judgment. It was in the ordinary form, and simply notified the adverse party that they had been sued, and unless they answered by a stated time the petition filed would be taken as true and judgment rendered accordingly. The time when the application would be heard and the nature and terms of the order asked for were not stated; and for this reason the notice was held not to be in substantial compliance with the statute. It is to be observed that the application for revivor in that case was an ordinary proceeding under the code, based upon a motion, and the motion fell so far short of the statutory requirement as not to give jurisdiction to the court. A dormant judgment may be revived by a formal action brought for that purpose, and upon a notice given by summons; or it may be done in the more summary and informal method of motion and notice prescribed by the code. (*Kothman v. Skaggs,* 29 Kas. 5.)

The proceeding for a revivor in the present case substantially complied with the requirements under either theory. It is contended that the notice was insufficient, because there was insufficient time intervened between the service and the time when the application was set for hearing. The summons or notice was issued on December 10, 1885, was served upon the following day, and the hearing of the motion for revivor was set down for December 14, 1885. The code prescribes that the service of a notice shall be made as is required by law for the service of a summons. (Civil Code, § 536.) And § 12 of the justices code prescribes that a summons must be returnable not more than twelve days from its date, and unless accom-

panied with an order of arrest, must be served at least three days before the time of appearance. The ordinary rule for the computation of time, and the one prescribed by the code, is to exclude the first day and include the last. (Civil Code, § 722.) There is nothing in the language used which indicates a purpose on the part of the legislature to except this case from the statutory rule; it does not prescribe that the service shall be made three days before the *day* or *date* of the appearance, similar to the exception made in the provision requiring depositions to be filed at least one day before the day of trial. (*Garvin v. Jennerson,* 20 Kas. 371.) Three days before the *time* of appearance are required; and we think this provision does not contemplate that three full days shall elapse between the day of service and the day of appearance, or that any exception shall be made from the statutory rule of computing time. Applying that rule, a sufficient notice was given. On the question of computing time, the following authorities are referred to: *Hook v. Bixby,* 13 Kas. 164; *Dougherty v. Porter,* 18 id. 206; *Neitzel v. Hunter,* 19 id. 221; *Northrop v. Cooper,* 23 id. 432; *Warner v. Bucher,* 24 id. 478; *English v. Williamson,* 34 id. 212.

3. Time—computation—statutory rule.

It is further insisted that the order of revivor is invalid for the reason that an abstract of the judgment had been filed in the district court prior to the time the order was made. There is attached to the record filed in this court a certified copy of an abstract of the judgment, which purports to have been filed in the district court on May 15, 1885; but it was not included in the bill of exceptions brought up to the district court, and therefore was not before that court for review. Only such questions as were presented and determined by that tribunal can be considered here; and therefore the effect of the abstract, if it was filed, is not before us. Even if the abstract was in the case, it may be questioned whether it would be effectual to transfer the judgment from the justice's to the district court. According to the claim made by the plaintiff in error, the abstract of the judgment was not filed until May 15, 1885, and at that time the judgment had been dormant

for more than four months. It will hardly be claimed that the justice could certify up and transfer to the district court by abstract a dormant judgment.

The judgment of the district court will be affirmed.

All the Justices concurring.