No. 35,425

ALLIE E. BORING, *Appellee*, v. E. J. BORING, *Appellant*.

(122 P. 2d 743)

Opinion filed March 7, 1942.

*Douglas Hudson*, of Fort Scott, argued the cause, and *Howard Hudson*, of Fort Scott, was on the briefs for the appellant.

*Harry W. Royer*, of Fort Scott, argued the cause for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by a wife for divorce and alimony. Personal service was had on the defendant. On the sixtieth day from the date of filing the petition, excluding the date of filing, plaintiff took a default judgment for divorce and alimony. As alimony and in settlement of all property rights plaintiff was given the home place in the city of Fort Scott, together with all furniture and personal property in the home.

It appears that shortly after the action was filed defendant had retained Daniel O. Lardner as his attorney, and that Lardner advised counsel for plaintiff if no answer was filed plaintiff could proceed. No answer was filed for the defendant by Mr. Lardner. Plaintiff's petition was filed on July 10, 1941. The default judgment was taken in the forenoon of the sixtieth day, namely, on Monday, September 8, 1941. On the preceding Saturday, September 6, present counsel for defendant advised counsel for plaintiff that he represented the defendant and intended to contest the action. It appears

counsel for plaintiff then informed present counsel for defendant that he intended to try the action as soon as the sixty days had expired. He did not, however, advise counsel for defendant that he had previously obtained a setting of the hearing for Monday, September 8. During the conference of these attorneys on Saturday, September 6, counsel for defendant attempted to reach the trial judge by telephone but was unsuccessful in that attempt.

The trial court filed a memorandum opinion. According to that opinion, counsel for plaintiff, at the time of the hearing on September 8, informed the trial court that he had discussed the case with present counsel for defendant and had informed counsel he intended to try the case as soon as the sixty days had expired. The memorandum of the court also discloses counsel for plaintiff then advised the trial court he did not believe the defendant really intended to file an answer or contest the case. Shortly after eleven o'clock in the morning of September 8, present counsel for defendant called the trial judge and discovered the case had been heard and that judgment already had been rendered. On the same afternoon counsel for defendant filed his own verified motion to set aside the judgment and to allow him to file an answer and cross petition which had been verified by the defendant and was attached to the motion. The motion was argued orally, without introduction of testimony, and the trial judge took the decision under advisement. On the following Tuesday the motion was amended to include the ground that the judgment was prematurely rendered for the reason sixty clear days had not elapsed between the filing of the action and the hearing and that no emergency had been declared.

The motion contained various averments in addition to some of the facts we have already related, but, in view of the conclusion we have reached, it is unnecessary to narrate them in greater detail. The trial court found present counsel for defendant had been vigilant, but that defendant had not been, and that it was defendant's vigilance which constituted the test. Defendant's verified motion, among other things, alleged that facts as testified to by the plaintiff at the hearing on September 6 were false and untrue. On September 12 the court overruled defendant's motion but made the following conditional order:

"It is therefore ordered, that as a condition to hearing the defaulting defendant he pay the costs accrued in this action in the sum of $6.70 and deposit with the clerk the additional sum of $15 as security for costs upon further proceedings and upon such payment and deposit the court will hear evidence

introduced by defendant substantiating his allegation of perjured testimony or fraud practiced upon the court."

From the order overruling his motion to set aside the decree the defendant appeals. He contends the judgment was prematurely rendered and also that the trial court abused sound judicial discretion in overruling his motion.

The facts narrated are not intended as a full and complete statement upon which to determine appellant's second complaint. If the decree was prematurely rendered it will not be necessary to consider the second complaint.

Was the decree of divorce prematurely rendered? Appellant concedes his answer was not filed on the day it was due, namely, August 9, but contends no hearing can be had in a suit for divorce until at least sixty full days have expired after the filing of the petition for divorce, unless an emergency is declared, and that in the instant case the decree of divorce was rendered during the prohibited period, to wit, on the sixtieth day. The pertinent provisions of G. S. 1935, 60-1517, read:

"No hearing shall be had in a divorce suit until, at least, sixty days after the filing of the petition, unless the court shall enter upon the records an order declaring an emergency, . . ."

No emergency was declared. Appellant argues his construction of the legislative intent is clearly indicated by the fact the lawmakers expressly employed the words "at least," and accentuated their use by setting them off with commas. He believes the lawmakers intended, by the use of the words "at least," to require at least sixty "clear days" to elapse after the date of filing the petition and before the hearing. He insists that unless this was the legislative intent the words "at least" become superfluous.

The meaning of the words "at least" in statutes involving computation of time is not an entirely new question in this state. In the early case of *Garvin v. Jennerson*, 20 Kan. 371, that question arose in connection with a deposition statute which then read as it does now, to wit:

"Every deposition intended to be read in evidence on the trial must be filed at least one day before the day of trial." (G. S. 1935, 60-2844.)

In the Garvin case we held the words "at least," meant a "clear day." We there said:

"It is assigned as error, that the deposition of a material witness on the part of defendant in error was read upon the trial against the objection of plaintiff

in error in violation of section 361 of the civil code, which provides, that 'every deposition intended to be read in evidence on the trial must be filed *at least* one day before the day of trial.' The trial of the case commenced at 9 o'clock a. m. of November 12th, 1875; and the deposition was filed in the court at 11 o'clock a. m. of the 11th of November. This assignment of error must be sustained, because the statute requiring *at least* one day before the day of trial, means *one clear* day; and both the day on which the deposition was filed and the day of the trial must be excluded. With this construction the deposition ought not to have been read. (*Dougherty v. Porter,* 18 Kan. 206; *Walsh, Trustee, v. Boyle,* 30 Md. 266; *O'Connor v. Towns,* 1 Texas, 107." (p. 372.)

That interpretation of the above deposition statute has been recognized as an exception to the statutory rule of computation (now G. S. 1935, 60-3819), which requires the exclusion of the first day and the inclusion of the last, in *Northrop v. Cooper,* 23 Kan. 432, 438; *Warner v. Bucher,* 24 Kan. 478, 480; *Schultz, Adm'x, v. Clock Co.,* 39 Kan. 334, 337, 18 Pac. 221, and *Birdsong v. Meyers,* 141 Kan. 140, 40 P. 2d 430. We shall later refer to the first three cases last above cited.

In the Birdsong case we disposed of the question rather briefly by stating:

"Plaintiff complains of the suppression of two depositions. As to one of them it is not quite accurate to say it was suppressed. It was not filed in time so that 'one clear day' could intervene before the commencement of the trial as the statute requires. (R. S. 60-2844; *Garvin v. Jennerson,* 20 Kan. 371." (p. 141.)

In the case of *Rasmussen v. Rasmussen,* 148 Kan. 649, 84 P. 2d 919, the exact meaning of the words "at least" was not made a specific issue, but in dealing with the general question whether the decree of divorce was prematurely rendered, we said:

"A period of sixty days had not elapsed between the filing of the action for a divorce and the decree, but an emergency had been declared under the provisions of G. S. 1935, 60-1517." (p. 654.)

Appellee relies upon the statutory rule for computing time, which reads:

"The time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded." (G. S. 1935, 60-3819.)

It should be observed that statute pertains to the time *within* which an act is to be done. The divorce statute does not prescribe the time *within* which, or during which, a hearing for divorce shall be or may be had, but expressly prohibits such hearing until, *at*

least, sixty days *after* the filing of the petition. We are not advised upon what ground appellee distinguishes the interpretation placed upon the deposition statute from the interpretation she desires to have placed upon the divorce statute. Without affecting any change in the meaning of the divorce statute we think it might have been worded as follows: "Every petition for a divorce must be filed, at least, sixty days before the day of trial." So worded the form of the statute would be substantially the same as the deposition statute. We are unable to find a sound basis for a valid distinction in the interpretation of the two statutes.

Appellee relies upon *Foster v. Markland,* 37 Kan. 32, 14 Pac. 452; *Schultz, Adm'x, v. Clock Co.,* 39 Kan. 334, 18 Pac. 221; *Northrop v. Cooper,* 23 Kan. 432; *Warner v. Bucher,* 24 Kan. 278, in which the statutory rule of computation was held applicable. The first two cases cited involved a statute which requires a summons in an action before a justice of the peace to be served at least three days before the time of appearance. (Now G. S. 1935, 61-204.) The Warner case involved a section of the justice of the peace code with respect to a continuance for publication service, which provided:

"The justice of the peace shall continue the cause for a period not less than thirty or more than fifty days." (Now G. S. 1935, 61-432.)

The Northrop case involved the computation of time under the statute which requires at least thirty days public notice before the day of sale of real estate taken on execution. (Now G. S. 1935, 60-3416.)

Mr. Justice Brewer, speaking for the court in the Northrop case, said:

"The first question is as to the publication of the notice of sale. It is claimed that this was not continued for a sufficient length of time. The first publication was October 13th, and the sale November 12th. This, excluding the day of sale, would give thirty days' publication; excluding both the day of sale and the first day of publication, would leave only twenty-nine days. The statute requires publication 'for at least thirty days before the day of sale.' This, counsel contend, requires that thirty full days elapse between the day of the first publication and the day of sale; and they rely upon the case of *Garvin v. Jennerson,* 20 Kan. 371, in which this court decided that under a statute requiring a deposition to be 'filed at least one day before the day of trial,' a full day must intervene between the day upon which the deposition was filed, and that upon which the trial is commenced.. *The distinction is this: the filing of the deposition is a single and instantaneous, the publication a repeated and continuous, act. So, when the statute requires that a deposition be filed at least one day before the day of trial, it means that that single act shall be done and completed at least one day before, but the act of publica-*

*tion is not completed at least thirty days before, but only commenced then, and continues from its commencement up to the day of sale. We had occasion to notice this language in the case of McCurdy v. Baker, 11 Kas. 111, and held that the word 'for' required a continuous publication—the word 'for' being used in the sense of 'during,' so that the publication must be during at least thirty days, and continued up to the day of sale."* (p. 438.) (Emphasis supplied.)

It should be conceded the authorities generally are not in harmony with respect to the proper meaning which should be accorded to the words "at least," as employed in the various statutes. Ample authority, however, is also found in other jurisdictions for the view that the statute in question properly should be interpreted to mean sixty full, or clear, days. (62 C. J., § 32, p. 985; 26 R. C. L. § 18, p. 744.) It is true the statutory rule of computation was designed to promote certainty and uniformity and should be universally enforced, except in cases where a different construction seems imperative. (*Warner v. Bucher*, supra.) We think the lawmakers intended the petition should be on file sixty clear days before the hearing of the divorce action. Such construction also tends to harmonize with the intent of the lawmakers to prevent hasty and ill-considered separations. They desired to give time for the preparation of a defense, to avoid collusion, to encourage reflection and to afford time for reconciliation. (*Hipple v. Hipple*, 121 Kan. 495, 500, 247 Pac. 650.) The importance of the marriage relation to the parties themselves, their children, if any, and to society in general is of such a serious character as to require courts to give effect to the legislative intent if reasonably possible to do so.

The Hipple case, just cited, is strongly urged by appellee as supporting her contention that the instant divorce was not prematurely granted. It is true the wife in that case originally sued only for separation and alimony and that on the day of trial she first amended her petition to include a request for a divorce and that we held the judgment for divorce was not prematurely granted. But does that case support appellee's contention? In the Hipple case the defendant filed an answer and cross petition in which he sued for a divorce and his pleading had been on file more than six months before the trial. Furthermore, the grounds upon which the divorce was granted to the wife were fully set out in her original petition for separation and alimony, and the evidence on the trial disclosed she and not her husband was entitled to a divorce. It revealed a reconciliation was impossible many months after her husband had sued for a divorce.

We held ample time had been given to prevent hasty action, to give time for reconciliation, and that the purpose of the statute was substantially fulfilled. We now adhere to that view, but the decision does not support appellee's contention.

In the instant case the trial court erred in finding defendant made no appearance during the sixty-day period. He did appear on the sixtieth day, but the decree had already been rendered. His motion to set aside the decree and to permit him to plead was filed on the same day the decree was rendered. The hearing and decree being premature, the motion to set aside the decree should have been sustained. In view of this conclusion it will be unnecessary to treat other complaints.

The ruling of the trial court will be reversed with directions to set aside its conditional order, to vacate the default decree of divorce and alimony, and to permit defendant to file his answer and cross petition. It is so ordered.

HOCH, J., not participating.