JOSEPHINE WATTS, *et al.*, v. JANE M. COOK, *et al.*

GUARDIAN'S SALE OF REAL ESTATE, *Valid.* The failure of a guardian to give security, as required by ₰15, ch. 46, Comp. Laws 1879, upon obtaining an order for the sale of real estate, will not render void a sale regularly made and approved.

*Error from Allen District Court.*

ACTION in the nature of ejectment, brought by *Watts* and four others against *Cook* and another, for the recovery of certain real estate. The opinion states the facts. Trial at the June Term, 1879, of the district court, and judgment for the defendants. The plaintiffs bring the case to this court.

*G. P. Smith*, for plaintiffs in error.

*Cates & Keplinger*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the nature of ejectment, for the recovery of certain real property in Allen county. The plaintiffs in error (plaintiffs below) claimed title as heirs of Aaron Neal, deceased. The defendants in error (defendants below) relied for their title upon a guardian's deed, of the date of March 22d, 1871. Counsel for the plaintiffs contends that the proceedings in the probate court, upon which the guardian's deed was executed, were fatally defective and therefore of no validity. Several objections are taken to the proceedings. The most material one is the failure of the

guardian to give the security required by § 15, chapter 46, Comp. Laws 1879. That section reads:

"Before any such sale or mortgage can be made or executed, the guardian must give security to the satisfaction of the court, the penalty of which shall be at least double the value of the property to be sold or of the money to be raised by the mortgage, conditioned that he will faithfully perform his duties in that respect and account for and apply all moneys received by him, under the direction of the court."

The authorities differ as to the validity of guardians' sales in the absence of security. Some hold such sales void, (*Williams v. Martin*, 38 Me. 47,) and others merely erroneous, (*Lockhart v. John*, 7 Pa. St. 137; *Perkins v. Fairfield*, 11 Mass. 227; *Foster v. Birch*, 14 Ind. 445.) We are inclined to believe the latter the true rule. Probate courts should cautiously observe the provisions of the section quoted, and are greatly negligent in permitting sales on mortgages by guardians without security; yet, we cannot hold that the failure to give security deprives the court of jurisdiction. It is an error of a court having competent and full jurisdiction, subject to reversal or avoidance by due proceedings. The absence of the security did not render the proceedings void, but only irregular.

The claims of counsel concerning the defects in the petition and as to other matters, are equally untenable. As the probate court of Allen county had the power to hear and determine the matters alleged in the petition, it had the power to decide wrongly as well as rightly. In the course of its proceedings, it became the duty of that court to decide whether the petition was sufficient for a sale of the premises. The court held it sufficient. As the petition presented a case for judicial determination, if the determination was erroneous, it was reviewable in the appellate court, but not a void or worthless determination. (*Bryan v. Bauder*, 23 Kas. 95.)

As to the force of judgments against infants on default, see Freeman on Judg., § 513; *Blake v. Douglass*, 27 Ind. 416; *Pond v. Donechy*, 18 B. Mon. 558; *Smith v. Ferguson*, 3 Met. 424; *Simmons v. McKay*, 5 Bush, 25; *Joyce v. McAvoy*, 31

Cal. 273; *Martin v. Weyman*, 26 Tex. 460; and *McMurray v. McMurray*, 66 N. Y. 175.

The judgment of the court below will be affirmed.

All the Justices concurring.