## LULU M. HOWBERT *et al.* v. VALENTINE HEYLE.

1. EJECTMENT—*Action, Barred.* Where a person has been in the actual and exclusive possession of real estate, claiming to be the owner thereof under a guardian's sale and deed, for more than 15 years, and the minor whose land was sold and conveyed, and who is a female, attained her majority in the meantine by arriving at the age of 18 years, and also in the meantime permitted more than two years after attaining her majority to elapse before she commenced any action to disturb the possession of the person holding under the guardian's sale and deed or to question his ownership with regard to the land, *held,* that any cause of action which she might have had because of such adverse possession and claim of ownership is barred by the 15-years' statute of limitations. (Civil Code, § 16, subdiv. 4.)

2. GUARDIAN—*Acts, Valid against Collateral Attack.* Where letters of guardianship are issued and recorded in the probate judge's office, and the guardian gives bond and duly qualifies and enters upon the discharge of his duties as guardian with the approval of the probate judge, and all this is of record, the guardian's acts will be held valid when attacked collaterally, although there may not be any further record in the probate judge's office of his appointment.

3. PETITION, *Sufficient against Collateral Attack.* Where a petition by a guardian to sell certain land belonging to his ward states, among other things, that the ward had no money or personal property, and that it was to his interest and necessary for his support and education that the land should be sold, and describes the land as being an undivided one-twelfth interest "in the following-described real estate, to wit, the southeast quarter of section 32, range 17, township 12," without stating specifically in what county or state the land was situated, or whether in range east or west, or township north or south, but land answering to the aforesaid description was in fact situated in Shawnee county, where all the parties interested resided, and where all the proceedings were had, *held,* that the petition must be held to be sufficient when the sale under it is many years afterward attacked collaterally.

4. ———— *Sufficient against Collateral Attack.* Where the petition and notice for the sale by a guardian of his ward's real estate are each signed by the guardian and served upon the minor by an individual who is not an officer, and the proof of the service is shown by the affidavit of the person who served the same, and all were filed in the probate judge's office, and the probate judge, as well as the district court, found that the service was sufficient, *held,* that the supreme court must also consider it sufficient, and especially so where the service is attacked only in a collateral proceeding.

5. ———— *Service in Due Time.* Where the aforesaid petition and notice were served on April 18, and the hearing was to be had and was had on April 28, *held*, that the service was at least 10 days prior to the time fixed for the hearing, within the meaning of the statute.

6. VALID SALE; *Case, Followed.* The failure of a guardian to give security, as required by ₰15 of the act relating to guardians and wards, will not render void a sale regularly made and approved; following *Watts v. Cook*, 24 Kas. 278.

7. IRREGULARITIES —*Sale and Deed Deemed Valid.* Other irregularities mentioned, and *held* not to invalidate the guardian's sale and deed, when the same are attacked in a collateral proceeding.

*Error from Shawnee District Court.*

EJECTMENT. The material facts are stated in the opinion. Judgment for defendant, *Heyle,* on March 22, 1888. The plaintiffs, *Howbert* and another, bring the case to this court.

*E. E. Chesney, G. W. Carey,* and *Hollister & Hollister,* for plaintiffs in error.

*James J. Hitt,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, brought in the district court of Shawnee county by Lulu M. Howbert and George Howbert against Valentine Heyle, to recover the undivided two-twelfths of a certain quarter-section of land hereafter described. A trial was had before the court without a jury, and the court made certain findings of fact and conclusions of law, and upon such findings and conclusions rendered judgment in favor of the defendant and against the plaintiffs; and the plaintiffs, as plaintiffs in error, bring the case to this court for review.

It appears that in 1869 George W. Howbert owned the undivided two-thirds of the aforesaid quarter-section of land, to wit, the southeast quarter of section 32, township 12, range 17, in Shawnee county; and that while owning the same, and in 1869, he died intestate, leaving as his heirs, his wife, Martha, and four children, Dora, Augusta, Lulu M., and George. After his death, and on November 6, 1869, Joseph A. Deit-

rich was appointed and he gave bond and duly qualified as the guardian of Dora, Lulu M., and George; they at the time being minors. Afterward, and on June 6, 1870, the guardian sold the interest of the aforesaid minors in the aforesaid quarter-section of land to Valentine Heyle for the sum of $357, which sale was immediately confirmed, and a guardian's deed executed and recorded, and Heyle took the immediate possession of the land, all on June 6, 1870, and he has been in the actual and continuous possession of the land ever since, claiming exclusive ownership therein adverse to the plaintiffs and to all others. This action was commenced on October 16, 1886. The defendant in his answer denied generally all the allegations of the plaintiffs' petition except as to his (the defendant's) possession, and also pleaded the 15-years' statute of limitations. (Civil Code, § 16, subdiv. 4.)

The first question arising in the case upon the pleadings and the evidence is, whether or not the plaintiffs' action is not barred by the aforesaid 15-years' statute of limitations. One of the plaintiffs, Lulu M. Howbert, was born on June 16, 1866; hence she arrived at 18 years of age and attained her majority on June 16, 1884, (Act relating to Minors, § 1,) and the two years given her by § 17 of the civil code after her disability of minority was removed within which to commence her action expired on June 16, 1886, just four months prior to the commencement of this action; hence her present action is barred by the aforesaid 15-years' statute of limitations. Lulu's action would also be barred by the five-years' statute of limitations relating to real property claimed under a guardian's sale and deed, (Civil Code, § 16, subdiv. 2,) if such sale and deed were only voidable and not absolutely void, for she had more than five years after her supposed cause of action accrued, and more than two years in addition thereto after she attained her majority, before she commenced this action. This five-year statute of limitations, however, was not pleaded, but as this is an action in the nature of ejectment, it may be considered in determining the rights of the parties under the general plead-

1. Ejectment— action, barred.

ings without any special plea of the statute, if the sale and
deed were only voidable and not utterly void.   The aforesaid
statutes of limitations, however, do not apply to the other
plaintiff, George Howbert, for he did not attain his majority
until within less than one year before the commencement of
this action, and he then attained the same by a proceeding in
the district court.   Nor can either of the plaintiffs recover in
this action if the aforesaid sale and deed were only voidable
and not void; for this is purely a collateral attack upon them
and not a direct attack.   As to Lulu Howbert, the judgment
of the court below must of course be affirmed, for the reason
that her cause of action was barred under the 15-years' stat-
ute of limitations before this action was commenced.

As to George Howbert, however, it will be necessary to con-
sider the case further, in order to ascertain whether the guardi-
an's sale and deed were and are utterly null and void or not.
If they are only voidable, they cannot be attacked in this pro-
ceeding, for the reason that such attack is only collateral, and
is not direct.   Counsel for the plaintiffs claim that such sale
and deed are utterly null and void.   Indeed, they claim that
all the proceedings in the probate court with reference to the
guardianship and everything done under the guardianship are
utterly null and void.   Going into particulars, it is claimed
that there is no record in the probate court showing the ap-
pointment of the guardian.   The court below, however, found
as a fact that the guardian was duly appointed on November
6, 1869, and that he gave bond and duly qualified.   This was
the bond required by § 3 of the act relating to guardians and
wards.   It is also shown by the evidence and found by the
trial court, that letters of guardianship were duly issued by
the probate judge to the guardian, Joseph A. Deitrich, and
that such letters were duly recorded by the probate judge in
the records of his office, and Deitrich afterward,
with the approval of the probate judge, acted as
such guardian.   This is certainly sufficient.   The
case of *Higginbotham v. Thomas,* 9 Kas. 328, has but little if
any application to this case, and is not controlling.

2. Guardian—
acts, valid
against collat-
eral attacks.

It is further claimed by the plaintiff in error, that the petition of the guardian to sell the land of the plaintiffs is insufficient: First, because it does not state facts, but only conclusions and inferences; and, second, because it does not give a sufficient description of the land to be sold. We think the petition is amply sufficient when attacked collaterally, as it is now attacked. It stated that the minors had no money or personal property, and that it was to their interest and necessary for their support and education that the land should be sold; and it described the land as the one-twelfth interest of each of the minors "in the following-described real estate, to wit: The southeast quarter of section 32, range 17, township 12." The objection to this description is, that it does not state in what county or state the land is situated, nor whether in range east or west, or township north or south. The land, however, is situated in Shawnee county, and the aforesaid description of it is perfect except as to the omissions complained of; all the parties interested in the land resided in that county; all the proceedings were had in that county; and in all the other proceedings the description of the land was complete; and no person could have been misled as to where the land is situated. We think the description was and is sufficient when attacked collaterally, as in this case. The case of *Cohen v. Trowbridge*, 6 Kas. 385, has but little if any application to this case, and is not controlling.

It is also claimed that no sufficient service of the petition to sell the land and the notice of the hearing thereof was ever made upon the minors: First, because no notice at all was ever served upon them; second, because the petition accompanying the notice was not sufficient as above stated; third, because the petition and notice were not served upon the minors by a proper person; and, fourth, because the service was not made a sufficient length of time prior to the hearing of the application to sell the land. Section 12 of the act relating to guardians and wards reads as follows:

"SEC. 12. The petition for that purpose must state the

*Marginal note:* 3. Petition, sufficient against collateral attack.

grounds of the application, must be verified by oath, and a copy thereof, with a notice of the time at which such application will be made to the court, must be served personally upon the minor, if a resident of this state, at least 10 days prior to the time fixed for such application."

It will be noticed that the statute provides for serving a copy of the petition, "with a notice of the time at which the application will be made," and does not provide for the service of a summons, or a writ, or an order, or any kind of process issued by a court, or coming within the meaning of §1, chapter 38, of the Laws of 1869. (General Statutes of 1889, ¶2120.) The notice and the petition were each signed by Joseph A. Deitrich, the guardian, and both were actually served upon the minors by Elias B. Williams, and the notice and petition and the affidavit of service by Elias B. Williams were filed in the probate judge's office, and are among the files of the probate court; and this we think is sufficient. Both the probate court and the district court have expressly found that the service was made, and that it was sufficient; and we think the findings were made upon sufficient evidence. The petition and notice were served on April 18, 1870, and the hearing was to be had and was had on April 28, 1870. We think the notice was served "at least 10 days prior to the time fixed for such application," within the meaning of the statute, and in accordance with all the decisions of this court upon similar questions. (*Schultz v. Clock Co.,* 39 Kas. 334; *Northrop v. Cooper,* 23 id. 432; *The State v. Eggleston,* 34 id. 719; *Dougherty v. Porter,* 18 id. 206; *Neitzel v. Hunter,* 19 id. 221; *Warner v. Bucher,* 24 id. 478.)

*4. Sufficient against collateral attack.*

*5. Service in due time.*

The case of *Garvin v. Jennerson,* 20 Kas. 371, has no application to this question, for the reason that the statute there commented on required that the act to be done should be done "at least one day before the day of trial," and not at least one day before the trial. One clear day besides the fractions of the first and the last days was there intended. If the statute in the present case had required the service to be made at least

10 days prior to the day on which the hearing should be had, instead of providing as it does, it would have presented a very different question. The decision which we now make with respect to the petition and notice does not contravene anything decided in the case of *Mickel v. Hicks,* 19 Kas. 578.

It is further claimed by the plaintiffs in error, that it was also found by the trial court that the guardian never gave the bond required by §15 of the act relating to guardians and wards, and it is therefore claimed, for that reason especially, that all of the proceedings with respect to the sale and conveyance of the plaintiffs' land were and are void. This court, however, in the case of *Watts v. Cook,* 24 Kas. 278, has decided otherwise. In that case this court decided that "the failure of a guardian to give security, as required by §15,

6. Valid sale; case, followed. chapter 46, (Comp. Laws of 1879,) upon obtaining an order for the sale of real estate, will not render void a sale regularly made and approved." It is now the opinion of the writer of this opinion that that case was decided wrongly and against the great weight of authority, but it was decided nearly 11 years ago, and has possibly to some extent become a rule of property, and it is not against all authority nor all reason; but there are cases in Ohio, Pennsylvania and Iowa which seemingly sustain it. (*Mauarr v. Parrish,* 26 Ohio St. 636; *Arrowsmith v. Harmoning,* 42 id. 254; *Lockhart v. John,* 7 Pa. St. 137; *Merklein v. Trapnell,* 34 id. 42; *Thorn's Appeal,* 35 id. 47; *Dixcy's Executors v. Laning,* 49 id. 143; *Bunce v. Bunce,* 59 Iowa, 533.) It is therefore now believed by this court, or at least by a majority of its members, that we should follow our former decision upon this subject, and we shall do so; and therefore the point made by the plaintiffs in error with reference to this subject will be overruled.

Other irregularities are mentioned by the plaintiffs in error, but we hardly think that they require any comment. They claim that the minors did not receive any of the money paid by Heyle for the land. That, however, was not his fault. He paid it to the guardian, and the guardian loaned

all but $100 thereof to the minors' stepfather, with whom they resided, and he has never returned it to the guardian or accounted for it.    In all probability, however, their board, clothing and education cost more than all the money of theirs which their stepfather received.    But this is immaterial.    It is also claimed that the sale of their property was procured through fraud, but there is but little, if anything, to sustain this claim, and the court below must have found against them. Certainly there is nothing that shows that Heyle defrauded the plaintiffs or desired to do so; and the entire proceedings, from the beginning up to the time when the guardian's deed was executed to Heyle, were approved by the plaintiffs' mother, their stepfather, their guardian, and the probate judge, and there is nothing really to show that any of these persons during any part of that time intended or desired to defraud the plaintiffs.    It is also claimed that there are some discrepancies as to dates.    We have examined this, and it is unfortunate that they occur, but there is enough in the record to indicate in every instance what was the true date, and hence they cannot render the proceedings void.    It must also be remembered that the probate court in this state is a court of record; (Const., art. 3, § 8; Act relating to Probate Courts, § 1;) and while it has jurisdiction only of particular classes of things, such as the care of the estates of deceased persons, minors, and persons of unsound mind, yet it has general jurisdiction of these things. (See constitution and statute above cited, and also acts relating to executors and administrators, guardians and wards, and lunatics and habitual drunkards.)

7. Irregularities —sale and deed deemed valid.

Hence all presumptions should be in favor of the regularity of all the proceedings of probate courts within their jurisdiction of the aforesaid particular classes of things, and such proceedings should seldom be held to be void when attacked collaterally, as in this case; never, indeed, except where it is shown affirmatively that the court had no jurisdiction.

The judgment of the court below will be affirmed.

All the Justices concurring.