JOHN HIGGINS *et al.* v. F. M. REED, *as Administrator of the estate of Henry Boxell, deceased, et al.*

1. FOREIGN EXECUTRIX — *Debts of Decedent* — *Payment.* When an executrix is appointed in another state, on the estate of a person dying out of this state, and no executor, executrix or administrator thereon is appointed in this state, the foreign executrix may file an authenticated copy of her appointment in the probate court of any county in this state in which there is real estate of the deceased, and then may be authorized, under an order of the court, to sell the real estate for the payment of debts of the decedent and the charges of administration, in the manner and upon the terms and conditions prescribed by the statute of this state.

2. ――――― *Proof of Appointment.* Where a person dying in the state of Kentucky left a will appointing B., his wife, executrix, which will was subsequently presented for probate to the court of Kentucky having jurisdiction thereof, and such will was probated in due form, and B., the executrix, in accordance with the laws of Kentucky, duly qualified as executrix, and an entry of such will, probate and the qualification of B. as the executrix was then and there duly made on the journal of the court of Kentucky, and thereafter B., the executrix, filed in the probate court of the county in this state where real estate of the deceased was situated an authenticated copy of the will and of the journal entry of the court of Kentucky showing that B., the executrix, had duly qualified before the court under the will, ¶ 2929, Gen. Stat. of 1889, is substantially complied with, so far as it requires an authenticated copy of the appointment of an executrix to be filed in a probate court of this state before any real estate of the deceased can be sold under a petition filed by her.

3. REALTY, *Right to Sell* — *No Bond Given.* Where a foreign executrix filed her petition before the proper probate court in this state to sell

real estate for the payment of debts of the deceased and the charges
of administration, and such foreign executrix is relieved, under the
laws of the state where she is appointed, by the provisions of the
will, from giving any bond with surety to account for her faithful
performance of duty, and the probate court of this state ordering
the sale of the real estate does not require of the executrix any bond
for her to account for the proceeds of the real estate, and no bond
is given by her in this state, such failure to require or give a new or
additional bond by the executrix will not render the proceedings of
the probate court ordering the sale of the real estate invalid.

4. PROBATE COURT — *Jurisdiction*. The verified petition of the execu-
trix for the sale of real estate of the deceased in this state examined,
and *held* sufficient to give jurisdiction to the probate court ordering
the sale thereof, upon the authorities of *Bryan v. Bauder*, 23 Kas. 95;
*Watts v. Cook*, 24 id. 278, and *Howbert v. Heyle*, 47 id. 58; 27 Pac. Rep.
116.

5. SALE—*Not Void—Irregularity*. Where a probate court in this state
has jurisdiction to order the sale of real estate of a decedent upon
the petition of his executrix, and the report of sale filed in the pro-
bate court is signed "B. H., executrix, per Johnston Bros., her agents,"
and is verified by J. H. Johnston, one of the firm of Johnston Bros.,
and J. H. Johnston also makes affidavit that the executrix did not
directly or indirectly purchase the real estate, or any part thereof, or
interest therein, and all of the proceedings of the court show that the
executrix was not concerned in the purchase of the real estate, *held*,
that while the return of the executrix of her proceedings under the
order of sale ought to have been verified by her own affidavit, yet
such failure or omission was an irregularity only, and would not ren-
der the sale void, when subsequently, under the orders of the probate
court, the executrix was directed to execute and deliver to the pur-
chaser of the real estate a good and sufficient deed, which was done
upon the payment by the purchaser of a valuable consideration for
the real estate, and which deed, upon being presented to the probate
judge, was indorsed with his official approval thereon, with the seal
of the probate court attached thereto.

6. PROBATE COURT—*Jurisdiction—Presumption*. The probate court in
this state is a court of record, and while it has jurisdiction only of
particular classes of things, such as the care of the estates of deceased
persons, minors, and persons of unsound mind, yet it has general
jurisdiction of these things. All presumptions are in favor of the
regularity of the proceedings of probate courts, within their juris-
diction of these classes of things. (*Howbert v. Heyle*, 47 Kas. 58; 27
Pac. Rep. 116.)

18 — 48 KAS.

*Error from Marshall District Court.*

EJECTMENT by *John Higgins*, Mary Belle Perrin, and Edward Higgins, children of Patrick Higgins, deceased, against *F. M. Reed*, administrator of Henry Boxell, deceased, and others. Judgment for defendants. Plaintiffs bring error.

*Wells & Wells*, for plaintiffs in error.

*Waggener, Martin & Orr*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Patrick Higgins died testate in Bourbon county, Kentucky, on March 6, 1873, leaving as his sole heirs at law his widow, Bettie Higgins, and three children — Mary Belle Higgins, now Mary Belle Perrin, John Higgins, and Edward Higgins. His will nominated Mrs. Higgins, his wife, as his executrix. It was admitted to probate in the county court of Bourbon county, in Kentucky, on March 14, 1873. At the time the will was presented for probate, Mrs. Higgins duly qualified as executrix, as provided by the will and the laws of Kentucky. An authenticated copy of the will of Patrick Higgins, deceased, and of the journal entry of the county court of Bourbon county, showing the probate of the will and the qualifying of Mrs. Higgins as executrix, having been filed in the probate court of Nemaha county on December 6, 1875, that court, on December 17, 1875, acted upon a petition for the sale of 600 acres of land, being the real estate in controversy. The petition and schedule attached were personally signed and verified by the executrix. Time was fixed for the hearing thereof and notice given. The sale was ordered January 4, 1876. It was made on the same day. The court, finding that its orders in the matter and the law in such a case had been strictly complied with, approved and confirmed the sale, and ordered a deed to be made by the executrix. On January 6, 1876, Mrs. Higgins, the executrix, made a deed to Henry Boxell,

the purchaser, which she acknowledged before a notary public of Bourbon county, Kentucky, on January 13, 1876, and on January 18, 1876, the deed was approved by the probate judge of Nemaha county, and delivered to Henry Boxell. Immediately thereafter it was recorded in the office of the register of deeds of the county.

This action was in the nature of ejectment, brought by the children of Patrick Higgins, deceased, viz., John Higgins, Mary Belle Perrin, and Edward Higgins, a minor, who sues by his next friend, Achilles Perrin, against the defendants, for the possession of the 600 acres described in the deed of the executrix, and to recover $2,000 as rent and profits of the premises. The defendant Henry Boxell made full answer of his purchase of the real estate from the executrix, under the proceedings of the probate court of·Nemaha county, and of the subsequent conveyance by him of several tracts thereof, but claimed to still own 220 acres. The defendants Charles H. Bell, John N. Largent, Henry J. Boxell, Mary Boxell, William R. Boxell and Samuel Henderson filed their separate answers, claiming to own parts of the 600 acres by title derived from Henry Boxell. The plaintiffs filed separate replies to each of the answers. On August 4, 1888, the parties appeared in court, when it was suggested that Henry Boxell had departed this life on July 22, 1888; that F. M. Reed had been appointed and qualified as administrator of his estate; that Elizabeth Boxell, widow of Henry Boxell, and Elizabeth Bronson, W. R. Boxell, John J. Boxell, Emma M. Reed, Henry J. Boxell and Mary Boxell were the only heirs of Henry Boxell, deceased, who had died intestate. The action was then revived, by consent, against the administrator and the heirs. Trial was had upon change of venue from Nemaha county before the district court of Marshall county, a jury being waived. The court made and filed conclusions of fact, and thereon entered judgment against the plaintiffs and for the defendants for costs. The plaintiffs excepted, and bring the case here.

It is contended by the plaintiffs that the probate court of

Nemaha county, in this state, had no jurisdiction to sell the land in controversy; therefore, that the deed to Henry Boxell from the executrix, acknowledged January 13, 1876, but approved by the probate court of Nemaha county on January 18, 1876, was and is wholly void, and conferred no title, rights, or equities. In support of this contention, it is claimed that Mrs. Higgins, the executrix, prior to the sale of the real estate, had not filed in the probate court of Nemaha county an authenticated copy of her appointment as executrix, and that she had not filed a copy of any bond executed by her in Kentucky, or given a new bond signed by residents of this state. (Gen. Stat. of 1889, ¶¶ 2929, 2930.) In further support of this contention, it is said that the petition for the sale of the real estate was insufficient, and that the sale of the real estate and the report thereof were not made as prescribed by the statute. (Gen. Stat. of 1889, ¶ 2916.)

Before proceeding to discuss the defects or irregularities in the proceedings in the probate court of Nemaha county concerning the sale of the real estate to Henry Boxell, it may be observed that there is nothing in the record tending to show any fraud on the part of Mrs. Higgins, the executrix, or that she used the proceeds of the real estate for any other purpose than the payment of the indebtedness of the estate of Patrick Higgins, deceased. Just prior to the sale of the real estate, the several tracts thereof were appraised as follows:

| | |
|---|---|
| Northwest quarter of northwest quarter 13—2—13 ........... | $160 |
| Northeast quarter 14—2—13 ............................. | 640 |
| East half northwest quarter 14—2—13 ..................... | 320 |
| Southwest quarter 14—2—13 ............................. | 800 |
| Southeast quarter 14—2—13 ............................. | 800 |
| | $2,720 |

Henry Boxell was the highest and best bidder therefor, and paid $3,000 in cash for the same. This was a fair price for the real estate at the time, January, 1876, the same being open and unbroken prairie. At the time of the death of Patrick Higgins, he was indebted in the sum of nearly $9,000. There was devised by the will to Mrs. Higgins a small farm at Shawhan station, Kentucky, but it was mort-

gaged for $3,480. In 1874 she sold this farm for $6,510.56, and after satisfying the mortgages thereon, she used the proceeds of the sale of the farm in the payment of the debts of the estate, and for the support of herself and children. On July 19, 1876, Mrs. Higgins was married to James C. Blair. In 1882, she removed with her family, excepting Mary Belle Higgins, now Perrin, who remained in Kentucky, to Missouri. After living there one year, she removed with her family to Harrison county, in Iowa, and lived there at the trial. She did not join with her children in this action to obtain possession of the property sold by her, as executrix, to Henry Boxell.

After fully examining and considering the alleged irregularities referred to in the proceedings in the probate court of Nemaha county attending the sale of the real estate, we are clearly of the opinion that the court had jurisdiction, and therefore that Henry Boxell obtained a good title to all of the real estate conveyed to him by Mrs. Higgins as executrix.

The statutes of Kentucky provide that the person nominated by a will as the executor or executrix shall not have power to act until he or she qualifies by taking oath and giving a bond in the court in which the will is admitted to record. The statutes further provide, that the order whereby a certificate is granted any personal representative for obtaining probate or letters of administration shall be as effectual as the probate or letters made out in due form. Mrs. Higgins duly qualified as executrix, as required by the statute of Kentucky, and under the provisions of the will she executed her bond, but was not required to have any surety thereon. A duly-authenticated copy of the will and of the journal entry of the county court of Bourbon county, Kentucky, showing that Mrs. Higgins had qualified as executrix of the will of Patrick Higgins, deceased, was filed and entered of record in the probate court of Nemaha county on December 6, 1875. The will, the probate thereof, the oath and the bond showed both the appointment and the qualification of Mrs. Higgins as ex-

ecutrix, and was a substantial compliance with ¶ 2929, General Statutes of 1889, of the executors' and administrators' act, and ¶ 7228, General Statutes of 1889, of the act relating to wills. The probate court of Nemaha county so treated the matter, for in the first order made in the case by that court, on December 6, 1875, it is recited that there had been filed "an instrument of writing purporting to be an authenticated copy of the last will and testament of the said Patrick Higgins, deceased, with the certificate of probate and of appointment of executrix."

On the trial of the case, counsel for plaintiffs offered in evidence "a certified copy of the will of Patrick Higgins, deceased, and the probate thereof, and order of appointment of the executrix, filed, approved, and ordered of record December 6, 1875," in the probate court of Nemaha county; and also offered in evidence the bond given by the executrix, reciting that "Whereas, Bettie Higgins has been appointed and has qualified as the executrix of the last will and testament of Patrick Higgins, deceased," etc. No surety was given upon the bond of Mrs. Higgins, on account of the direction of the will. By ¶ 2930, General Statutes of 1889, of executors' and administrators' act, it was the right of the probate court of Nemaha county to inquire whether or not a new or an additional bond was necessary to protect the proceeds of the sale of the real estate. If a new bond had been ordered, its condition would have been "to account for and dispose of the proceeds for the payment of the debts and legacies of the deceased, and the charges of administration, according to the laws of the state" of Kentucky. The probate court of Nemaha county considered the matter, and then decided "that no security be required of the executrix in this court, except upon the showing of some one interested of a necessity therefor." Paragraph 2906, General Statutes of 1889, reads as follows: "The court may require of any executor or administrator, if it deem it necessary before such sale, to give an additional bond to secure the further assets arising from the sale of the real estate." The probate court of Nemaha county considered this section

as applicable, and decided not to require a bond except upon the showing of a "necessity therefor."

But the failure of the probate court of Nemaha county, before permitting the sale of the real estate to be made, to require a new or an additional bond from the executrix, if one was necessary, with resident sureties in this state, did not render void the sale of the real estate, which was subsequently confirmed by the probate court. (*Howbert v. Heyle,* 47 Kas. 58; *Watts v. Cook,* 24 Kas. 278.) Paragraph 3231 of General Statutes of 1889, relating to guardians and wards, makes the giving of a bond before the sale or mortgage of any real estate of a minor as mandatory as ¶ 2930, General Statutes of 1889, relating to sales of real estate by foreign executors, and in *Watts v. Cook,* supra, it was said:

"Probate courts should cautiously observe the provisions of the section quoted, and are greatly negligent in permitting sales or mortgages by guardians without security; yet we cannot hold that the failure to give security deprives the court of jurisdiction. It is an error of a court having competent and full jurisdiction, subject to reversal or avoidance by due proceedings. The absence of the security did not render the proceedings void, but only irregular."

The absence of a bond was again recently considered in *Howbert v. Heyle,* supra, and followed. Under the decisions of this court in *Bryan v. Bauder,* 23 Kas. 95, *Fleming v. Bale,* 23 id. 88, and *Howbert v. Heyle,* supra, the defects or irregularities in the petition for the sale of the real estate and the subsequent proceedings thereunder are not sufficient to deprive the probate court of Nemaha county of jurisdiction, or to defeat its jurisdiction, or to render its proceedings or the sale or deed referred to void.

The report of sale was filed in the probate court, was signed "Bettie Higgins, executrix, per Johnston Bros., her agents;" and was verified by J. H. Johnston, one of the firm of Johnston Bros. It recited the appraisement of the land by the appraisers, the offering of each piece separately at private sale, and that Henry Boxell, being the highest and best

bidder, was the purchaser. Each tract was described therein as in the appraisement, but only the aggregate price of $3,000, cash in hand, was stated. The verification by J. H. Johnston before the probate court was to the effect that the matters and things set forth in the report were true, and that the executrix did not directly or indirectly purchase the real estate, or any part thereof or interest therein, and that she was not interested in the property except as stated in the report, and that affiant had transacted the business for her.

Under ¶ 2916, General Statutes of 1889, we think the return of the proceedings under the order of sale ought to have been verified by the executrix, not by her agent; but in view of what was actually done, and the subsequent proceedings, embracing the execution of the deed by the executrix, which referred to the order of sale by its date, the court issuing the order, the consideration paid, etc., and which was, on presentation to the probate court, indorsed by the judge thereof with his official approval, and the seal of the probate court attached, the omission of the verification by the executrix was only an irregularity not affecting jurisdiction. It is clearly shown by all the proceedings, as well as the affidavit of J. H. Johnston, that the executrix did not, directly or indirectly, purchase the real estate. As to Mrs. Mary B. Perrin, *née* Higgins, the five-years statute of limitations is clearly applicable; but it is doubtful whether it will apply to John Higgins or Edward Higgins, one of whom was a minor, and the other a minor a short time before the bringing of this action. (Civil Code, §§ 16, 17.)

In conclusion, we repeat what was said in *Howbert v. Heyle,* supra:

"It must also be remembered that the probate court in this state is a court of record; (Const., art. 3, § 8; Act relating to Probate Courts, § 1;) and, while it has jurisdiction only of particular classes of things, such as the care of the estates of deceased persons, minors, and persons of unsound mind, yet it has general jurisdiction of these things. Hence all presumptions should be in favor of the regularity of all the proceedings of probate courts within their jurisdiction of the

aforesaid particular classes of things, and such proceedings should seldom be held to be void when attacked collaterally, as in this case; never, indeed, except where it is shown affirmatively that the court had no jurisdiction."

The judgment of the district court will be affirmed.

All the Justices concurring.