GEORGE W. HUNT v. J. N. INSLEY, as *Administrator of the Estate of Eli W. Metzger, deceased, et al.*

No. 7829.

APPOINTMENT OF GUARDIAN—*Failure to Give Bond—Mortgage by Guardian.* The appointment of a guardian, who duly takes the oath required and receives letters of guardianship in due form, issued by the probate court, is not rendered absolutely void by his failure to give a bond as required by section 7, chapter 46, of the General Statutes of 1889. (*Watts v. Cook,* 24 Kan. 278, followed.)

*Error from Jefferson District Court.*

THIS was an action prosecuted in the district court of Jefferson county on a bond and mortgage purporting to have been executed by J. N. Insley, as guardian of Violet, Ford and Delbert Metzger, and as administrator of the estate of Eli W. Metzger, de-

ceased, to George W. Hunt, the plaintiff in error.   So
much of the facts as are necessary to an understand-
ing of the questions decided are as follows : Eli W.
Metzger, a resident of Jefferson county, was in posses-
sion of a quarter-section of land under claim of title,
a portion of which he platted into town lots.   Some
lots he sold, and either conveyed by deeds of general
warranty, or agreed in writing to so convey.   In an
action prosecuted in the district court of Leavenworth
county, it was adjudged that the title to an undivided
one-half of this land was in one George R. Hines, and
a judgment was rendered foreclosing a mortgage given
by Hines, and directing a sale of his interest in the
land.   Afterward Metzger died, leaving three minor
children as his only heirs.   J. N. Insley was appointed,
by the probate court of Jefferson county, administrator
of Metzger's estate, and at the same time, on the ap-
plication of one of the children, he was also appointed
guardian of Metzger's minor heirs.   Letters of guard-
ianship were issued to him, but he never filed any
bond as guardian.   Thereafter Insley filed his petition
in the probate court asking authority to mortgage the
land to raise the sum of $2,800, for the purpose of buy-
ing in at sheriff's sale the Hines half interest in said
land.   Thereupon an order was entered by the probate
court authorizing the execution of such a mortgage.
In this order Insley is described both as administrator
of the estate and as guardian of the minors.   Acting
under this authority, Insley borrowed from Hunt, the
plaintiff in error, $2,000, to secure the payment of
which he executed a bond and a mortgage on said quar-
ter-section of land in the names of said minor children
by himself as their guardian, also attaching his name
as administrator of Metzger's estate.   The mortgage
was duly presented to and approved by the probate

court of Jefferson county.  With the money so bor-
rowed Insley bought in the outstanding half interest
in the land, taking a sheriff's deed to himself, as ad-
ministrator of Metzger's estate, for the use and bene-
fit of said estate and of his heirs.    Since said purchase
the minors have been in full possession of the land
conveyed by the sheriff's deed.    Insley gave no bond
as required by section 15 of the act concerning guard-
ians and wards.    G. A. Huron succeeded Insley as
guardian of two of the minor children.    The district
court made very full findings of fact, and found as a
conclusion of law that the bond and mortgage sued on
were invalid, and gave judgment in favor of the de-
fendants for costs.    Plaintiff brings the case here.

*W. F. Gilluly, M. Gephart,* and *Curtis & Safford,* for
plaintiff in error.

*Bradford & Huron,* and *Morse & Morse,* for defend-
ants in error.

The opinion of the court was delivered by

ALLEN, J. :   Several objections are urged against the
consideration of the petition in error and transcript of
the record filed in this court, but none of them are
valid.    The contention on behalf of the defendant in
error is that the giving of a bond is a condition pre-
cedent to the taking effect of the appointment of a
guardian ; that the appointee, although recognized by
the probate court, has no right to assume any control
over the estate of the minors until a proper bond has
been executed and approved.    By section 7 of chap-
ter 46 of the General Statutes of 1889, it is provided
that guardians appointed to take charge of the prop-
erty of a minor must give bond with surety to be
approved by the court.    The only exception to the

requirement of a bond seems to be in the case of, a testamentary guardian where the testator by will requests that no bond be required. By section 15 of the same chapter, it is provided that, before any sale or mortgage of the property of a minor can be made, security must be given to the satisfaction of the court in double the value of the property to be sold or of the money to be raised by the mortgage. Whatever the individual views of the members of this court, as now constituted, may be as to the proper construction of section 15, prior decisions of the court have fully settled it. In the case of *Watts v. Cook*, 24 Kan. 278, it was held that "the failure of a guardian to give security, as required by section 15, chapter 46, Compiled Laws of 1879, upon an order for the sale of real estate, will not render void a sale regularly made and approved." This decision, rendered in 1880, was followed in the case of *Howbert v. Heyle*, 47 Kan. 58, decided in 1891, and again in *Higgins v. Reed*, 48 Kan. 272. While these cases refer to section 15 only, in terms, they are really decisive of the question presented in this case. The language of section 15 indicates much more strongly that the legislature intended to make the execution of a bond a condition precedent to the right to convey or mortgage than that of section 7 does that the giving of a bond should be a condition precedent to the validity of an appointment. The appointment of a guardian precedes the requirement of a bond. There are cases in which no bond need be required. If a bond is given in compliance with the requirements of section 7, under the decision in the case of *Morris v. Cooper*, 35 Kan. 156, the sureties on such bond would not be liable for any misapplication of the funds raised by a mortgage of the minor's estate; the limit of their liability ex-

tending only to the proper care and management of the personal estate and the rents and profits of the realty.

Insley was appointed guardian by the probate court, took the oath required by the statute, received letters of guardianship regular in form, and was recognized by the court as the acting guardian. It being the established law of this state that a purchaser or mortgagee need not inquire whether a bond has been given under section 15, it logically follows that he need not inquire as to the giving of a bond under section 7.

The judgment is reversed, with directions to enter judgment on the special findings of fact in favor of the plaintiff for the amount of his bond and interest, and foreclosing the mortgage sued on.

All the Justices concurring.