*In re* Hanson.

---

*In re* JOHN F. HANSON, *Petitioner.*

No. 16,650.

### SYLLABUS BY THE COURT.

1. CONTEMPT — *Inherent Power of the Probate Court.* Every probate court in this state is a court of record and has inherent power to punish summarily for contempt persons who in open court refuse to comply with its lawful orders or in any manner impede or embarrass the orderly transaction of its business, and this power exists independent of any statute.

2. ——— *Refusal of a Witness to Answer Questions.* A person who is present in open court in the capacity of a witness, and refuses, when ordered by the court, to answer a pertinent question concerning the matter being investigated, is guilty of contempt for which he may be summarily fined.

3. ——— *Refusal to Pay Fine—Commitment.* Where a witness is guilty of contempt and is fined under circumstances as above indicated, and refuses to pay the fine as ordered, he may be committed to jail, there to remain until such fine is paid and the question answered.

Original proceeding in *habeas corpus*. Opinion filed October 9, 1909. Petitioner remanded.

*John F. Hanson, pro se.*

*Frank O. Johnson,* for the respondent.

The opinion of the court was delivered by

GRAVES, J.: This is an original proceeding for a writ of *habeas corpus,* prosecuted by John F. Hanson, who is confined in the jail of McPherson county upon a com-.

mitment issued by the probate court of that county for contempt. It appears that the petitioner was present in the probate court, where a trial was in progress between an administrator of an unsettled estate and persons holding claims against the estate which the administrator was contesting. The petitioner, who is an attorney, had been the adviser of the administrator of the estate, and had books and papers in his possession deemed to be important as evidence in the controversy before the court. In the course of the trial he was called as a witness, and after being duly affirmed was asked if he had any books or papers pertaining to the estate in his possession. He refused to answer. The court then adjudged him guilty of contempt and assessed a fine against him of $25, and ordered it to be paid at once, which the petitioner refused to do. The court then committed him to the custody of the sheriff until such fine should be paid and the answer made to the question propounded. The witness still refuses to answer the question or pay the fine.

The petitioner's claim for relief is based entirely upon the theory that the power of the court to punish for contempt is given by the statute, and that such power is exclusive. He further contends that the statute does not authorize commitment for non-payment of a fine assessed for contempt.

The brief is devoted to a discussion of the statute relating to contempts, and it is contended that the action of the probate court was not within such statute. In the view we have taken much of this discussion is immaterial, as we do not concur in the assumption that a probate court is without power to punish for contempt except as conferred by the statute. The probate court in this state is created and its jurisdiction fixed by section 8 of article 3 of the constitution, which reads:

"There shall be a probate court in each county, which shall be a court of record, and have such probate juris-

·diction and care of estates of deceased persons, minors, and persons of unsound minds, as may be prescribed by law."

It will be seen from this that a probate court in this state is a court of record and has jurisdiction of the estates of deceased persons. In the case of *Howbert v. Heyle,* 47 Kan. 58, this court said:

"It must be remembered that the probate court in this state is a court of record (Const., art. 3, § 8; Act relating to Probate Courts, § 1) ; and while it has juris-·diction only of particular classes of things, such as the care of the estates of deceased persons, minors, and persons of unsound mind, yet it has general jurisdiction of these things." (Page 65.)

This was repeated in the case of *Higgins v. Reed,* 48 Kan. 272, 280. In volume 9 of the Cyclopedia of Law and Procedure, at page 26, it is said:

"Independent of authority granted by statute, courts of record of superior jurisdiction, whether civil or criminal, possess inherent power to punish for contempt of court. Such power is essential to the due administration of justice, and the legislature can not take it away or abridge it, although it may regulate its use. Statutes conferring the power are simply declaratory ·of the common law."

In volume 7 of the American and English Encyclopædia of Law, at page 33, it is said:

"When, however, the court is a creature of the constitution, the better opinion seems to be that it can not, by legislative enactment, be shorn of its inherent right to punish for contempts ; nor can the legislature abridge that right, although it may regulate its exercise. The ·constitution may confer on the legislature the power to abridge the right of courts created by the constitution to punish for contempts, but in only a very few states ·of the Union has that been done."

In the case of *In re Millington, Petitioner, &c.,* 24 Kan. 214, this court said:

"Courts of record have an inherent power to punish ·for disorderly conduct in the court-room, resistance of

50—80 KAN.

their process, or any other interference with their proceedings which amounts to actual contempt." (Syllabus.)

(See, also, *The State v. Thomas,* 74 Kan. 360, 365.)

The syllabus to the case of *State, ex rel. Phelps and Baker, v. Judge,* 45 La. Ann. 1250, in 40 Am. St. Rep. 282, reads:

"The power to punish for contempts, actual or constructive, is inherent in all courts of record, and is essential to the preservation of order in all judicial proceedings."

In the case of *In re Shortridge,* 99 Cal. 526, the court said:

"No authority has been found which denies the inherent right of a court, in the absence of a limitation placed upon it by the power which created it, to punish as a contempt an act—whether committed in or out of its presence—which tends to impede, embarrass or obstruct the court in the discharge of its duties. It is a doctrine which is admitted in all its rigor by American courts everywhere, and does not need the support of foreign authorities based upon the fiction that the majesty of the king, represented in the persons of the judges, is always present in the court. It is founded upon the principle—which is coeval with the existence of the courts, and as necessary as the right of self-protection—that it is a necessary incident to the execution of the powers conferred upon the court, and is necessary to maintain its dignity, if not its very existence. It exists independent of the statute." (Page 532.)

The case of *Hale v. The State,* 55 Ohio St. 210, is a leading one upon this subject. In that case the court decided:

"The general assembly is without authority to abridge the power of a court created by the constitution to punish contempts summarily, such power being inherent and necessary to the exercise of judicial functions; and sections 6906, 6907, Revised Statutes, will not be so construed as to impute to the general assembly an intention to abridge such power." (Syllabus.)

In the opinion it was said:

"In the case before us, a court, created by the con-

stitution, punished summarily, as for a contempt, one guilty of a wrongful act which interfered with the exercise of its jurisdiction. Upon a careful examination of the reported cases we find but one which seems to deny its power to do so." (Page 215.)

In 36 L. R. A. 254 exhaustive notes are appended to the Hale case, containing the citations of many authorities additional to those cited in the opinion.

* It may be safely assumed that these cases indicate a general concurrence of courts in the proposition that every court created by the constitution which is not limited by that instrument in this respect possesses inherently full power to enforce its orders, protect its dignity and preserve good order, and to that end may administer punishment for contempt; and this power exists independently of any statute. As probate courts are created in this state by the constitution, they fall within the foregoing category.

The petitioner attacks the whole proceeding as void because not in accordance with sections 330, 331 and 332 of the code of civil procedure. If these sections were intended to apply to courts of record, they are not controlling. The court, independent of this statute, had full power to make the orders of which complaint is made. If courts were limited in their power to enforce proper orders, as urged here, contumacious witnesses could effectually impede and embarrass them to such an extent as practically to prevent the administration of justice.

The petitioner was in the wrong. He should have answered the question, and if the evidence desired was in his possession, and material, he should have voluntarily produced it. Members of the bar are not expected to embarrass courts, but rather to aid them in the discharge of their difficult duties. If an attorney, in his zeal for a client or in the excitement of the occasion, should overstep professional propriety or violate his duty as a witness in open court he should retrace the steps so taken at the earliest opportunity.

We are unable to grant the relief prayed.for. The petitioner is remanded to the sheriff in whose custody he was when this proceeding was commenced, and the costs of this proceeding are taxed to the petitioner.