*In re* JOHN F. HANSON, *Petitioner.*

No. 16,865.

HABEAS CORPUS — *Commitment for Contempt.* The petitioner having been committed to jail for his refusal to answer certain questions when called as a witness, it was held that his application for release on the ground that his testimony has become immaterial should be addressed to the court committing him, and that the supreme court would not inquire into that matter on habeas corpus.

Original proceeding in habeas corpus. Opinion filed January 11, 1910. Writ denied.

*John F. Hanson, pro se.*

*In re* Hanson.

*Per Curiam:* The petitioner presents a second application for a writ of habeas corpus. He was adjudged guilty of contempt of the probate court of McPherson county for refusing to testify in a case pending in that court, and for his contumacy he was fined $25 and committed until he pays the fine and answers the questions propounded to him. On the first application for discharge from the custody of the sheriff it was determined that the probate court had jurisdiction to punish for contempt, and that the judgment rendered against the petitioner in the case was valid. (*In re Hanson,* 80 Kan. 783.) The petitioner alleges as a new ground for release that certain books and papers, about which he had refused to testify, have been turned over to the counsel of one of the parties, and that the questions propounded to him are now immaterial.

The contempt of which the petitioner has been adjudged guilty resulted from disobedience of the order of the probate court, and to purge himself of the contempt application should be made to that court. He should offer to testify, and otherwise comply with the order which he refused to obey. The materiality of the questions propounded to him is for the determination of that tribunal. The matter is still pending there, and it is competent for that court to decide now how far the questions are at present material and what steps are necessary to a purging of the contempt. The case is still within the jurisdiction of the probate court, and it may release the petitioner upon such compliance with the order as may be necessary to the pending inquiry. It is within the power of the court to remit a portion or all of the fine, and if the petitioner approaches the court in a proper spirit and offers compliance with its orders it will doubtless deal justly with him. None of the grounds alleged in the application would warrant a release of the petitioner by this court, and therefore the petition for the writ is denied.