# SUPREME COURT,
## STATE OF KANSAS.

## JANUARY TERM, 1914.

### PRESENT:

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. CLARK A. SMITH,
HON. SILAS W. PORTER, } JUSTICES.
HON. ALFRED W. BENSON,
HON. JUDSON S. WEST,

---

No. 18,125.

JOHN F. HANSON, *Appellant*, v. SWEN A. SWARD et al.,
*Appellees*.

### SYLLABUS BY THE COURT.

1. WITNESS—*Refusal to Answer Proper Question—Contempt—Punishment*. Whether a question put to a witness in a case where the court has jurisdiction of the subject matter and of the person, and which he refuses to answer, is pertinent and proper is for the determination of the court and not the witness, and if he persists in his refusal he will be subject to punishment for contempt.

2. SAME—*Purpose of Punishing Witness for Contempt*. Imprisonment may be imposed not only as punishment for contumacy, but also to compel obedience to a lawful order and to enforce the production of testimony deemed to be necessary to the administration of justice.

3. ADMINISTRATOR—*Appointment Not Open to Collateral Attack*. The appointment of an administrator is not open to collateral attack merely because the appointee is not next of kin to the deceased whose estate is being administered.

4. FALSE IMPRISONMENT—*Petition Fails to State Cause of Action*. On an examination of the averments of appellant's petition it is held that they fail to state a cause of action for false imprisonment against the appellees.

1—92 KAN

Appeal from McPherson district court; CHARLES E. BRANINE, judge. Opinion filed April 11, 1914. Affirmed.

*John F. Hanson,* of Lindsborg, for the appellant.

*Frank O. Johnson,* and *Gust Nyquist,* both of McPherson, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by the appellant, John F. Hanson, to recover $50,100 as damages for alleged false imprisonment. It was brought against the appellees, Swen A. Sward, the probate judge of McPherson county, and the three sureties upon his official bond, O. Emil Gustafson, the sheriff, and the twenty sureties upon his official bond, John Ekblad, who was the administrator of the Hannah Linderholm estate, and his attorney, Frank O. Johnson. In the petition the appellant alleged that he was subpœnaed as a witness in behalf of the administrator of the Linderholm estate in a controversy wherein Anton Linderholm and others had presented claims against the estate, and to bring with him books of account, receipts for payments, checks and other evidences of the payment of money to Anton Linderholm, Emil E. Linderholm, Justus Linderholm and Ida A. Tarnstrom, and also all papers, notes or accounts showing the transactions had or made by Hannah Linderholm while she was acting as the administratrix of the estate of Swan Linderholm, deceased. It was alleged that in answer to the subpœna appellant appeared before the probate court, and after affirmation he was asked a question pertaining to the claims filed against the estate by Anton Linderholm which he declined to answer, saying that the question did not pertain to the controversy upon which he had been subpœnaed to testify. The probate court then ruled that the appellant must answer the question but he asserted that the court had no

Hanson v. Sward.

jurisdiction to require him to answer, and still refusing he was held to be in contempt of court and it was adjudged that he should pay a fine of $25 and stand committed until the fine should be paid and the question answered. It was further averred that under this order the appellant was committed to the county jail by the sheriff, that afterwards he was released on a bond given pending a hearing on a writ of habeas corpus before the supreme court, and that subsequently that court remanded him to custody and he was held in jail for a period of about eight months, when he was released. He further alleged that the contempt proceedings were void and his punishment illegal because the probate court had no jurisdiction to compel him to testify in the proceedings before it; that Ekblad, who was moving in the proceedings, was not next of kin to the deceased and was therefore not legally appointed administrator; that the order of commitment was void because it did not state the extenuations offered by the appellant nor comply with the code provisions relating to punishment for contempt. A demurrer to the petition was sustained and appellant complains of the ruling.

Most of the questions raised on this appeal have already been determined adversely to appellant's contention. It was decided in habeas corpus proceedings and upon similar averments that it was the duty of appellant to answer the question propounded to him in the probate court. (*In re Hanson,* 80 Kan. 783, 105 Pac. 694; *In re Hanson,* 81 Kan. 608, 106 Pac. 276.)

The allegations of appellant's petition indicate that the question was relevant and, besides, the probate court which had jurisdiction of the case determined that the question asked was pertinent and proper. Being vested with jurisdiction of the subject matter and of the person the relevancy of the inquiry was a question to be determined by the court and not by the witness. It has also been determined that the probate

court had the power to make the particular order that was made. (*In re Hanson*, 80 Kan. 783, 105 Pac. 694.) On a hairsplitting theory as to the propriety of the question asked, which was utterly untenable, the appellant persisted in his contumacy and hence was held in jail for a long time. However, he could have secured his release at any time by answering a few simple questions, which he now says he would willingly have answered if they had been asked in a different way. He was held in custody not alone as punishment for contumacy in willfully disobeying a lawful order of the court, but also to compel obedience to an order which the court had a right to make and which was deemed necessary to the administration of justice. While the imprisonment was long the court had the power to continue the commitment of appellant as long as his contumacy continued. As was well remarked by Mr. Justice Graves in the habeas corpus proceeding:

"If courts were limited in their power to enforce proper orders, as urged here, contumacious witnesses could effectually impede and embarrass them to such an extent as practically to prevent the administration of justice." (*In re Hanson*, 80 Kan. 783, 787, 105 Pac. 694.)

There is nothing substantial in the claim of appellant that the imprisonment was illegal because Ekblad, who was appointed administrator, was not next of kin to Hannah Linderholm, deceased. The probate court had authority to appoint an administrator, and even if the wrong person was appointed his appointment would be valid until it was set aside in a proceeding brought for that purpose. Letters of administration are not open to collateral attack such as appellant is attempting to make. This was determined in *Ekblad, Adm'r, v. Hanson*, 85 Kan. 541, 117 Pac. 1028. (See, also, *Taylor v. Hosick, Adm'r, &c.*, 13 Kan. 518; *Brubaker v. Jones*, 23 Kan. 411.)

Smith, Carey & Co. v. Live Stock Co.

Some other questions have been discussed by appellant but all not specifically mentioned here have, like those mentioned, been considered and decided in earlier cases brought in or to this court by appellant.

The appellant did not state a cause of action against any of the appellees and the ruling of the district court sustaining the demurrer to his petition must be affirmed.