No. 29,335.

In re Application of JOHN F. HANSON for Writ of Habeas Corpus Against JAMES T. GRIFFING, as Sheriff, etc.

(283 Pac. 659.)

Opinion filed January 11, 1930.

*John F. Hanson, pro se.*

*William A. Smith,* attorney-general, *Walter F. Griffin* and *R. O. Mason,* assistant attorneys-general, for the respondent.

*Per Curiam:* This is a proceeding in habeas corpus.

On October 28, 1929, John F. Hanson filed a petition in this court alleging that he was unlawfully held in jail in McPherson county, and praying for a writ of habeas corpus directed to the sheriff to show cause.

On October 30, 1929, the writ was allowed, and on November 7, 1929, the sheriff made a return thereto showing that he held Hanson in jail by virtue of an order of the district court which reads as follows:

STATE OF KANSAS, MCPHERSON COUNTY, ss:

The State of Kansas, to the Sheriff of McPherson County, Greetings:

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

Whereas, John F. Hanson did in open court this 25th day of October, 1929, abuse, insult and annoy the court in a manner unbecoming to an attorney by stating to the court that he dared him to fine said John F. Hanson for contempt. That he sneeringly and contemptuously made sneering answers to the court's rulings in the case that was up for consideration before the court. That his conduct through the proceedings showed no respect for the court.

It is therefore by the court found that the said John F. Hanson is guilty of contempt of court and you are ordered to take the said John F. Hanson and confine him in the county jail of McPherson county, Kansas, for a period of ten days or until released by order of the district court.

Witness my hand and the seal of said court, affixed at my office in Mc-
Pherson, this the 25th day of October, 1929.

M. A. MURRAY,

(Seal.)                    *Clerk District Court, McPherson County.*

On the same day, November 7, 1929, Hanson applied to this
court for a citation against the sheriff for contempt of this court and
for $1,000 damages on the alleged ground that on October 25, 1929,
the day Hanson was sent to jail by the district court of McPherson
county, the sheriff failed to supply him with pen, ink and paper
to apply to this court for a writ of habeas corpus; that notice of
the granting of the writ reached McPherson on the evening of Oc-
tober 30 and the sheriff did not deliver it until the next morning,
and that the sheriff was dilatory in mailing a letter from Hanson to
this court concerning the fixing of a bond for his release.

On November 7, 1929, this court considered the matters alleged
in this application and concluded that they were frivolous and
vexatious. The application for a citation was denied and Hanson's
demand for an award of damages against the sheriff was likewise
denied. On November 8 Hanson filed a motion for "an opinion on
motion for citation for contempt." That motion was denied No-
vember 15, 1929.

On November 7, 1929, the attorney-general, on behalf of the
sheriff, filed a motion to dismiss this proceeding on the ground that
Hanson had been set free on November 3, 1929, by reason of the
expiration of his sentence, whereby this cause had become moot.

On November 8 Hanson filed a demurrer to the sheriff's return
to the writ, and moved to strike out parts of it as libelous and
"does not purport to be any proper record of the court below and
could not be made so because it is not true," and because "it shows
on its face that it is wholly void."

On November 9 Hanson filed a motion to "correct" certain dates
of filing indorsed on some of the numerous papers filed with the
clerk of this court in this cause. An explanatory postscript to this
motion reads:

"NOTE.—This is material to show how much delay was caused and to place
the responsibility therefore."

On November 27 Hanson filed a petition for a rehearing on motion
to cite the sheriff for contempt of court.

The files of this cause are cluttered with other evidences of the
literary industry of the petitioner, but the foregoing will suffice to
show its nature.

On December 6 the cause came on for hearing upon the attorney-general's motion to dismiss the proceeding as moot. In its verified recitals it was alleged—

"That this defendant did, pursuant to the order and command of the said district court of McPherson county, Kansas, hold the body of the said plaintiff in his custody in the jail of McPherson county, Kansas, from said 25th day of October, 1929, and for the period required by said order, to wit: until the 3d day of November, 1929, at which time this defendant released and set free the said John F. Hanson and has not since had any custody or control over the body of the said John F. Hanson."

Hanson appeared and resisted that motion *pro se*, and also made an argument in support of his demurrer to the sheriff's return. The pertinency of the attorney-general's motion was obvious, but the petitioner's argument was too recondite or obscure to be of practical assistance to the court. The petitioner was at large; he was not in jail; he stood before the court in his own proper person free to come and go; so manifestly any issue concerning his restraint by the sheriff of McPherson county was moot. Moreover, the sheriff's verified return to the writ, to which is attached a certified copy of the order of the district court for the incarceration of Hanson for ten days for contempt of that court conformed to the requirements of the statute (R. S. 60-2210), and consequently, if the cause were not already moot the petitioner's release from custody could not have been effected by this proceeding because of the inhibitions of the pertinent statute which, in part, reads:

"60-2213. No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following:

. . . . . . . . . . .

"Third. For any contempt of any court, officer or body having authority to commit; [Qualifications to this rule not here pertinent.]"

In the interpretation of the statute just quoted the petitioner specially urges upon our attention the case of *In re Dill*, 32 Kan. 668, 5 Pac. 39. We have examined that decision. While there is no substantial analogy between it and the case at bar, a paragraph of its syllabus is pertinent:

"To constitute a direct contempt of court there must be some disobedience to its order, judgment or process, or some open and intended disrespect to the court or its officers in the presence of the court, or such conduct in or near the court as to interrupt or interfere with its proceedings, or with the administration of justice."

The recital of the facts constituting the contempt of court contained in the commitment under which the sheriff held the petitioner is not subject to challenge in habeas corpus. It would be preposterous for this court to permit an issue to be joined thereon and allow evidence to be taken to determine anew whether the petitioner did or did not—

"Abuse, insult and annoy the court in a manner unbecoming to an attorney by stating to the court that he dared him to fine said John F. Hanson for contempt."

.The question parenthetically intrudes, What business had the petitioner appearing as "an attorney" in the district court of McPherson county? Some years ago, after repeated but fruitless admonitions to this identical petitioner to comport himself with proper decorum as a lawyer, this court entered an order suspending him from the practice of law "in all the courts of this state." (*In re Hanson*, 99 Kan. 23, 160 Pac. 1141.) The order was based upon the petitioner's persistent insolence and effrontery towards this court and its justices. The recital of facts in the commitment of the district court of McPherson county tends to show that his ideas of the respect due the tribunals established by law for the administration of justice have not improved with the lapse of time. Be that as it may, any person in court—attorney, litigant, witness or bystander—whose refractory conduct tends to disturb the decorum requisite for the due administration of justice is guilty of direct contempt of court and may be fined or jailed therefor. In *State v. Marshall*, 95 Kan. 628, 630, 148 Pac. 675, the rule stated in 9 Cyc. 26 is quoted with approval. That rule reads:

"Independent of authority granted by statute, courts of record of superior jurisdiction [district courts in Kansas], whether civil or criminal, possess inherent power to punish for contempt of court. Such power is essential to the due administration of justice, and the legislature cannot take it away or abridge it, although it may regulate its use. Statutes conferring the power are simply declaratory of the common law."

The many miscellaneous matters presented in the various papers filed by the petitioner have been examined. They present nothing worthy of discussion. One and all they are denied and overruled. The attorney-general's motion to dismiss the proceeding is sustained.

The proceeding is dismissed.

JOCHEMS, J., not participating.